### R. H. AND EMMA HANNA v. THE STATE OF TEXAS.
#### No. 7431.

1. **Tax Sale of Escheated Lands.**—If land escheated to the State, the action of the Comptroller in listing and selling it for taxes could not defeat the right of the State to have the escheat declared, for the Comptroller would have no power thus to dispose of lands of the State.

2. **Escheat Proceedings—Evidence.**—The only fact other than failure actually to occupy the land relied upon to raise the presumption of death of the original patentee, without heirs, in this case, is the failure to list the land for taxation and to pay taxes upon it; but this does not furnish sufficient proof that no lawful claim had been asserted to the land for the period of seven years.

3. **Negativing Devise of the Land.** — Where escheat proceedings are pending in a newly organized county, it is insufficient to raise the presumption that no devise was made, to show that the probate records of such county do not show such devise. It was necessary to show absence of such will by search in the original county as far back as seven years.

4. **Citation by Publication Necessary.** — Article 1773 of the Revised Statutes prescribes that the persons unknown who may be interested shall be cited by publication in escheat proceedings.

APPEAL from Haskell. Tried below before Hon. J. V. COCKRELL. No statement is necessary.

*F. P. Morgan* and *J. W. Robertson,* for appellants.—The court erred in rendering judgment for the State on the evidence before it.

It is admitted that the land in controversy was patented to Hubert De Faaz, August 30, 1859. It is also shown, that appellants have been claiming the land and paying taxes on it in part for ten years, and upon all of it for nearly ten years, and were doing it under deeds duly recorded. W. R. Standifer, who testified for the State, says, that he has known the land since about 1881, and that it showed no sign of then having been occupied, and has not since been occupied. C. D. Long, the county clerk of Haskell County, testified, that he had examined the probate records of Haskell County, and found no record of any will made by Hubert De Faaz, and no record of any administration on his estate. Haskell County was organized in January, 1885. Witness had never examined the records of the counties to which Haskell had been attached before it was organized, and testified, that there could be a record of such will or probate proceedings in such counties, and that he could not say there were not such records in said counties. His examination of the records of Haskell was confined to the indexes, and that such a will or deed might be recorded and not indexed, and witness know nothing about it. So he could not say positively there was no such instrument recorded, even in Haskell. Rev. Stats., title 36, with amendatory article approved March 20, 1885, Laws 19th Leg., p. 35; Hughes v. The State, 41 Texas, 20–22; The State v. Teulon, 41 Texas, 250–253; The State v. Wiederanders, 64 Texas, 133.

No brief for the State.

STAYTON, CHIEF JUSTICE.—This is an action brought by the State of Texas to escheat a tract of land containing 640 acres, originally granted to Hubert De Faaz.

The petition alleges, that appellants assert some claim to the land, but that it was not in the actual possession of any person. It further alleges, that the patentee, whose residence was unknown, died at some time between the years 1859 and 1870, without leaving heirs and without having devised the land to any person; and it is urged, that the court should have sustained demurrers to the petition filed by appellants, who claim part of the land through tax sales; but we are of opinion that the petition states a cause of action.

It is further urged, that the evidence was insufficient to sustain the judgment.

In a proceeding of this character it is necessary in some manner to prove the death of the person shown to have been seized of the estate, but it is not necessary that this be done by direct testimony. The statute provides, that "If any person die seized of any real estate, or possessed of any personal estate, without any devise thereof, and having no heirs, or where the owner of any real or personal estate shall be absent for the term of seven years, and is not known to exist, such estate

shall escheat to and vest in the State." By the Act of March 24, 1885 (Gen. Laws, p. 35), it is provided, "Where no lawful claim is asserted to or lawful acts of ownership exercised in such property for the period of seven years, and this has been proved to the satisfaction of the court, it shall be deemed prima facie evidence of the death of the owner and of the failure of heirs, and the court trying the case may, if such evidence is not rebutted, find therefrom in favor of the State."

The evidence tends to show that the land never has been occupied, although it was patented January 7, 1859. From the year 1871 to 1880 the land was placed on the tax rolls by the Comptroller as land belonging to an unknown owner. In 1881 seventy acres of the land were sold to Clark and Lynch for taxes due from 1871 to 1880, and on March 1, 1884, they conveyed to Mrs. Forrister, who on May 6 of same year by warranty deed conveyed her interest in the entire tract to Mrs. Hanna. On April 12, 1882, the Comptroller sold for taxes and conveyed to R. H. Hanna 570 acres of the section, and Hanna and wife seem to have paid the taxes on the land since 1881.

The answer of Hanna and wife denies all the averments of the petition, and alleges the sales for taxes and their rights under them.

If the land escheated to the State, the action of the Comptroller in listing and selling it for taxes could not defeat the right of the State to have the escheat declared; for the Comptroller would have no power thus to dispose of land belonging to the State.

The substance of the evidence on which the court entered the decree prayed for by the State is given above, and the inquiry arises, whether it is sufficient. There was no evidence whatever tending to show that the person to whom the land was patented had been absent from a place once his abode for the period of seven years, and that during that period persons who ought, in the ordinary course of events, to have heard of him, if he were alive, had not done so; nor was there any fact or circumstance directly tending to show his death. The State doubtless relied upon the sufficiency of the evidence introduced to show that no lawful claim had been asserted to the land by the patentee or his heirs for a period of seven years, but that fact can not be proved by proof of the mere failure of the original grantee or some one holding through him by inheritance, devise, or purchase to list the land for taxation and to pay the taxes upon it. The burden of proof in such cases rests upon the State not only to show that lawful acts of ownership have not been exercised, but also to show that lawful claim has not been made by any person; by which we understand to be meant claim of right deraigned through the patent in manner such as will pass the right the State had before the patent issued.

The only fact, other than failure actually to occupy the land, relied upon to raise the presumption of death of the original patentee without heirs, is the failure to list the land for taxation and to pay taxes upon

it; but this does not furnish sufficient proof that no lawful claim had been asserted to the land for the period of seven years. It may be difficult for the State to make such proof as the statute declares shall be "prima facie evidence of the death of the owner and the failure of heirs," but without such evidence or other sufficient evidence of the facts which cause the escheat, no court is authorized to declare it. If, however, the evidence in this case had been sufficient to prove that the person seized of the land died without leaving heirs, this would not have entitled the State to a judgment, for the person so seized may have devised the land to another, which would prevent its escheat. The statute provides, "that where no will is recorded or probated in the county where such property is situated within seven years after the death of the owner, it shall be prima facie evidence that there was no will."

The land is situated in Haskell County, which was not organized until January, 1885, and this action was tried in 1889. To prove that the land had not been devised, it was shown by the clerk of the County Court for that county that he had examined the probate records for that county and failed to find the probate or record of any will of Hubert De Faaz; but there was no evidence that such a will disposing of the land in controversy may not have been probated in the county from which Haskell County was taken, or in the county to which it had been attached for judicial purposes. A will probated in such a county would be within the meaning of the law "a will probated in the county where such property is situated."

It is not necessary in this case to enter into the consideration of the question of mode in which the State may make proof sufficient to entitle it to a decree declaring an escheat, nor to consider the statute referred to further than has been done, for it is too clear that neither under the statute nor the general rules applicable to such a question was the evidence sufficient to sustain the judgment rendered in this case, and it must be reversed.

We deem it proper further to notice the fact that the transcript does not show that the persons unknown, who may be interested in the estate of Hubert De Faaz, if he be dead, were cited by publication as the statute requires. Sayles' Civ. Stats., art. 1773. This may be an omission in the transcript, but if not the court was not authorized to enter any decree in the case.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered May 20, 1892.