POLK v. STATE MUT. FIRE INS. CO.

(Court of Civil Appeals of Texas. Dallas. Nov. 23, 1912. Rehearing Denied Dec. 21, 1912.)

1. INSURANCE (§ 219*)—CANCELLATION OR RESCISSION OF POLICY—NONPAYMENT OF PREMIUM.

Where a policy of fire insurance was never accepted by the insured or by any one for him, and no premium was paid or agreed to be paid thereon prior to the loss, an assignee, with knowledge that the delivery of the policy was unauthorized and that on failure to pay premiums it was automatically canceled, was not entitled to recover.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 488, 489, 494–496; Dec. Dig. § 219.*]

2. APPEAL AND ERROR (§ 1011*)—REVIEW—CONCLUSIVENESS OF FINDINGS.

Where the evidence is conflicting, the findings of the court will not be reviewed, though the appellate court might have reached a different conclusion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3983–3989; Dec. Dig. § 1011.*]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by W. A. Polk against the State Mutual Fire Insurance Company. Judgment for defendant, and plaintiff appeals. Affirmed.

George Sargeant and Cecil L. Simpson, of Dallas, for appellant. W. S. Terrell, of Dallas, and T. F. Mangum and R. F. Townsend, both of San Antonio, for appellee.

RASBURY, J. The appellant sued appellee in the district court of Dallas county upon a policy of fire insurance for $2,000 issued by appellee October 24, 1911, and written upon a stock of staple and fancy groceries contained in the storehouse of H. F. Davis situated at No. 1612 North Second avenue in the city of Dallas, Tex. Appellant alleged that the stock of merchandise covered by said policy was totally destroyed by fire October 30, 1911, and at the time of the fire was of the value of $2,000; that subsequent to the fire the policy and all rights thereunder were assigned to appellant, who thereafter performed all the conditions of the policy preliminary to his right to demand payment of the loss thereunder; and that payment after demand was refused. Omitting formal parts, appellee, by its answer, charged, among other defenses, that it was not liable upon the policy because same was never accepted by the appellant as written, nor the premium therefor paid or agreed to be paid by appellant, nor was any other consideration paid to or received by the appellee for the same, notwithstanding the by-laws provided that all premiums should be paid upon issuance of policy, and further that said policy as issued was refused by said Davis and those acting for him, none of whom consented to pay the premium or other

consideration for the same prior to the loss. As suggested, there were other matters of defense urged by the appellee, but from our view of the case a recitation of same are unnecessary. A jury was waived and the case submitted to the court. Judgment was rendered for the appellee, and the case is here on conclusions of fact and law by the trial court accompanied by statement of facts.

From the evidence adduced the trial judge concluded as facts and law as follows, to wit: "That H. F. Davis, the owner of the stock of goods in question, requested W. A. Polk, plaintiff, to obtain the insurance, and that Polk requested J. G. Bennett to obtain insurance upon the stock of goods in question, and that in pursuance of such request said Bennett did obtain from R. T. Malone, the local agent of defendant company at Dallas, Tex., the policy sued on in this case. That the policy was issued by Malone on the 24th day of October, 1911, and came into the hands of J. G. Bennett either by mail or personal delivery; the evidence not disclosing by which of these two agencies the policy was delivered. That at the time said policy was delivered to or came into possession of said Bennett, there was no agreement as to what time premium for the same should be paid, and that no mention was made of the time when the premium would become due. That no notice of acceptance of the policy in question was ever communicated to defendant or its agent prior to the loss by fire. That prior to the loss by fire Bennett communicated to defendant through its agent that W. A. Polk considered the rate excessive, and requested the defendant's agent to see if he could get the rate reduced, but that no further communication was had between defendant or its agent, and Polk and Bennett, prior to the loss by fire. That the premium for said policy was not paid or tendered to defendant or its agents until about three weeks after the fire. That on the 3d of November, 1911, plaintiff paid to J. G. Bennett Co. $50, the premium called for in said policy. That about three weeks before the issuance of the policy in question M. G. Ranney, general agent for defendant, told J. G. Bennett that the defendant company did not want any of its policies delivered unless some part of the premium was paid at the time of delivery. That on the 12th day of October, 1911, W. H. Patrick, president of defendant company, by letter instructed R. T. Malone, local agent at Dallas, that all policies should be paid for on delivery of same, and that this instruction remains in full force to this time. That J. G. Bennett was the agent for the insured in effecting the policy, and in everything that had to be done in consequence of it, and that the knowledge of J. G. Bennett, imparted to him by M. G. Ranney, that the policies of the defendant company should not be delivered

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

without a part of the premium paid at the time, was the knowledge of the insured, and that insured knew that, if no money was paid at the time of the delivery of the policy, the delivery of the policy was unauthorized and beyond the scope of the authority of the person delivering same. That the premium of the policy became due in a reasonable time, and the same was not paid within a reasonable time, and by the terms of the by-laws of said company said policy was automatically canceled. That the policy was never accepted by the insured or any one for him prior to the loss, and that the insured, nor any one for him, made any contract, binding them, or either of them, to pay the premium to defendant, prior to the loss."

[1] Thus it will be seen that the trial judge unequivocally finds as matter of fact that the policy of insurance issued by appellee was never accepted by Davis, the insured, or by any one for him, prior to the fire; nor did Davis, or any one for him, ever agree to pay the premium due on the policy before the fire. It will be further seen from the court's finding that he also finds as matter of fact that appellant and those acting for him never paid the premium on said insurance policy, and that appellant knew that the delivery of the policy was unauthorized and beyond the scope of the authority of the person delivering same, and that, having failed to pay the same, said policy by its terms was automatically canceled. It will not be disputed, of course, that upon the basis of the related facts the judgment as entered by the trial court is correct.

[2] Appellant, however, challenges both the conclusions of fact and law of the court on these matters, and, while we fail to find in the record that the claimed error was set out in a motion for a new trial in order that the trial court might have opportunity to correct same, we have nevertheless read the evidence contained in the statement of facts bearing upon the facts resolved by the trial court favorably to the appellee, and we think the most that can be said from the appellant's standpoint is that the evidence is conflicting, and in such cases the appellate court has no discretion, since the findings of the court upon the facts are entitled to as much consideration as the verdict of the jury, and it has been repeatedly held in such cases that the findings of the trial court will not be reviewed where there is evidence to support them, even though the appellate court may have reached a different conclusion from the the evidence. The rule is well put in Wells v. Yarbrough, 84 Tex. 664, 19 S. W. 867, where it is said: "We treat such findings like we do the verdict of a jury, and the question with us is not whether they are supported by a preponderance of the evidence, but it is whether or not there is any evidence to support them."

So it will be seen on the threshold of this appeal we are compelled to affirm same upon the facts as found by the trial court, and for that reason we do not pass upon the other questions assigned in the brief, since whether they constitute error or not is immaterial under the finding of the trial court that the policy of insurance had never been delivered by appellee or accepted by appellant.

The judgment of the lower court is affirmed.