CHARLES DILLINGHAM, RECEIVER, v. JOHN ELLIS.

No. 98.

1. Continuance.
   See application for second continuance in compliance with the statute,
      to obtain testimony held material, which was improperly overruled... 448

2. Cumulative Evidence.
   Testimony to independent facts which tend to establish an issue is not
      cumulative to other such testimony.  See example.................... 448

3. Same—Continuance.
   The rule that a new trial will not be granted to obtain cumulative tes-
      timony, does not apply as reason for overruling a motion for continu-
      ance.  Such testimony may be material although cumulative......... 448

4. Due Diligence—Depositions.
   Failure to take depositions of a witness residing in the county is not of
      itself want of due diligence to obtain the testimony of such witness .. 449

5. Payment or Tender of Witness Fees.
   The payment or tender of payment of the fees of a witness is not neces-
      sary in order to show due diligence to secure the attendance of a wit-
      ness, on second application for continuance......................... 449

6. Impeaching Witness.
   In order to impeach a witness it is incompetent to prove that several
      years ago the witness had been expelled from a Masonic lodge for
      false swearing...................................................... 450

ERROR to Court of Civil Appeals for Fifth District, in an appeal from Hunt County.

*Head & Dillard*, for plaintiff in error, cited:   Rev. Stats., art. 1278; Payne v. Cox, 13 Texas, 480.

*Montrose & Clark* and *Brown & Bliss*, for defendant in error, cited: Rev. Stats., arts. 1277, 1278, 2212, 2218a; Stacheley v. Pierce, 28 Texas, 328; Poole v. Jackson, 66 Texas, 380.

STAYTON, CHIEF JUSTICE.—This cause was set for trial on January 8, 1891, and when called for trial defendant made application for continuance, based on the absence of a witness, resident of the county.

The application was for a second continuance, and in strict compliance with the statute regulating such applications; but the court overruled it, on the ground that the evidence of the absent witness was cumulative, and on the further ground that it did not show that the fees of the witness had been tendered.

Plaintiff claimed to have been seriously injured while a passenger on the railway operated by defendant as receiver, and the mainly contro-

verted issue in the case seems to have been whether he was in fact injured as claimed, or was simulating.

The application thus stated what was expected to be proved by the absent witness:

"He expects to prove by said Weatherly that he saw plaintiff and talked with him fully the day after plaintiff alleges he received his injuries on the road operated by defendant; that reference was made to the wreck where plaintiff alleges he got hurt; that plaintiff made no claim of being injured in said wreck; that plaintiff is alleging various hurts in his petition, some at least of which would have been indicated to the eye by his appearance and movements so soon after the injury as herein alleged, and yet witness discovered no indication of any character of hurt about him. Defendant further expects to prove by said witness that he knew plaintiff well for a long time before plaintiff alleges he received his injuries, and there was nothing at the time witness saw him after his injuries indicating to witness that his physical condition at such time was in any way different from what it had been before the time of the hurt."

The materiality of such evidence on such an issue can not be doubted.

Two other witnesses testified generally to having seen plaintiff frequently after he claimed to have been hurt, and stated that they did not observe that he was in any way injured.

The testimony of the absent witness related to a period soon after plaintiff claimed he was injured; conversations passed between them in reference to the wreck, and plaintiff made no mention of any injury to himself; he alleged such injuries as would have then been open to observation, but the witness saw none; the witness knew him before as well as after he claimed to have been injured, and saw nothing to indicate change in his condition.

The evidence of this witness would have tended to prove the fact that plaintiff was not injured as claimed, and upon that question testimony of the other witnesses had a bearing, but it does not follow from this that the evidence was only cumulative.

The witness would have testified to facts bearing on the issue to which no other witness did testify, and in so far his testimony would not have been what in law is termed cumulative evidence. Railway v. Forsyth, 49 Texas, 180; Parker v. Hardy, 24 Pick., 248; Guyot v. Butts, 4 Wend., 582; Vardeman v. Byrne, 7 How. (Miss.), 369; Gardner v. Gardner, 2 Gray, 443; Alger v. Merritt, 16 Iowa, 126.

If, however, the evidence ought to be deemed cumulative, we do not understand that the same reasons apply for refusing a continuance asked on the ground of the absence of such testimony as do apply when a new trial is asked on account of such testimony, not discovered until after the trial.

Where there is a conflict of evidence on a material point in issue,

neither party is restricted to a given number of witnesses to establish that, but may introduce many to prove facts which have bearing on that issue; and the fact that the testimony of several may be of the same general character is not important.

The ruling of the court was made before it could have been known whether other evidence of the same general character was at hand; for the application stated that the testimony could not be obtained from any other source; and it is probable that in signing the bill of exceptions and in giving reasons for the ruling, the court was moved by the same considerations which might have been given weight on the application for new trial based on discovery of such evidence after trial, had the evidence been strictly cumulative.

The witness on account of whose absence continuance was asked was resident of the county; had been regularly summoned by subpœna to appear on day set for trial of cause, which was the same day on which continuance was applied for; witness lived about fifteen miles from place where court was held, and had been summoned in ample time; applicant had been informed that the witness had been at place where court was held two days before day case was called, and had expressed his intention to be present at time of trial, and the bill of exceptions shows, with all reasonable certainty, that the court was satisfied from interrogating the messenger who brought information of the sickness of the witness that this was the real cause of his absence.

The court held, that as " depositions can be taken if the party desires, when he elects to have the personal attendance of the witness   *   *   * no diligence is shown on the second application unless the fees are tendered."

It is true that the deposition of a witness resident of a county in which a cause is pending may be taken, but the statute expressly provides, that " the failure to secure the deposition of a male witness residing in the county in which the suit is pending shall not be regarded as want of diligence, when diligence has been used to secure his personal attendance by the service of subpœna or attachment under the rules of law, unless by reason of age, infirmity, or sickness, or official duty the witness will be unable to attend the court." Rev. Stats., art. 2218a.

The witness had not before failed to attend after being summoned, and had his fees been tendered or paid at the time he was summoned, no attachment could have been isued before the day on which he was summoned to appear.

The statute does provide that attachment shall not issue to enforce the attendance of a witness unless his fees have been paid or tendered, but it does not follow from this that a court ought to refuse a continuance because this had not been done in a case in which the absence of the

witness is caused by sickness and not from unwillingness to attend until his fees are paid or tendered, even if the payment or tender of fees would ordinarily be requisite to such diligence in procuring testimony as the law requires.

Plaintiff in error sought to impeach the credibility of the plaintiff, who testified in the cause, by proving that he had been expelled from a Masonic lodge for false swearing, but such evidence was excluded, and in this ruling there was no error.

For the error of the court in refusing a continuance, the judgment of the Court of Civil Appeals and of the District Court will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered February 26, 1894.