ALDERETE et ux. v. MOSLEY. (No. 769.)

(Court of Civil Appeals of Texas. El Paso. Jan. 10, 1918.)

1. CONTINUANCE &23—EXCUSING WANT OF STATUTORY DILIGENCE.

Continuance should have been granted defendants in suit on a promissory note and to foreclose deed of trust, who excused their want of statutory diligence, if not within the letter, at least within the spirit, of the statute, by showing the physical inability of a defendant, a material witness, and of two other material witnesses, to attend trial, defendant and his father, two of the witnesses, being prevented by sickness, and the other, defendant's stenographer, by absence from the state.

2. CONTINUANCE &48 — DUTY OF TRIAL COURT TO ACT ON FACTS IN EVIDENCE.

In acting on defendants' motion for continuance, the trial court should act on the facts in evidence as to whether a defendant was malingering by feigning illness, instead of his own mental impression on facts outside the record.

3. APPEAL AND ERROR &966(1)—DISCRETION OF TRIAL COURT.

Discretion of court on granting or refusal of continuance will not be interfered with unless it clearly appears that such discretion has been abused.

4. HOMESTEAD &181(3)—ABANDONMENT—INTENTION.

Continuous absence from the homestead is not a controlling fact as to abandonment, but simply an evidentiary fact of intention, so that, where no other homestead has been acquired, it must be clear that there has been a total abandonment with intention not to return.

Error from District Court, El Paso County; Ballard Coldwell, Judge.

Suit by W. D. Mosley against I. Alderete and wife. To review a judgment for plaintiff, defendants bring error. Reversed and remanded.

See, also, 189 S. W. 1083.

C. L. Vowell and Jno. F. Weeks, both of El Paso, for plaintiffs in error. E. J. McQuillan, C. M. Wilchar, and Ware & Norcop, all of El Paso, for defendant in error.

HARPER, C. J. This is a suit filed by W. D. Mosley against I. Alderete and wife upon a promissory note payable to said Mosley, and to foreclose deed of trust on a certain city lot.

The defendants answered that there was no consideration for the note; that it and the deed of trust were procured to be executed by fraudulent representations; and further that the property was their homestead at the time the deed of trust was executed.

From a judgment for plaintiff for the amount of the note, interest, and attorney's fees, and foreclosing deed of trust, this appeal is perfected.

Several assignments attack the order of the trial court in overruling motions for postponement of trial. The record discloses that the cause was called, for trial November 5, 1915. Three applications were filed upon different days. The first, upon plaintiff announcing ready for trial, is in form and substance in compliance with the statute. The only question is as to diligence. It alleges that plaintiff was sick, suffering with pains in chest and arm; that he had a broken arm from which he was suffering, suffering from neuralgia and fever, etc.; that he believed he was not able to stand the fatigue and worry of the trial, in advising his attorney and testifying in his own behalf, as he was a material witness in the case. It further alleges that his father was then in a sanitarium, sick from an operation, and unable to be present and testify; that his father then lived in El Paso county, and had agreed to be present and testify, and would do so but for his illness, setting up facts showing the materiality of his testimony with respect to the homestead claims. The third witness named is M. M. Phinney, alleging that she was at the time of the execution of the note and deed of trust his (defendant's) stenographer, heard the conversations between the parties, and drew up the papers, etc., setting up the material facts to which she would testify. As to diligence, alleged that she remained in his employment up to the summer of 1915; had promised to be present at the trial and testify; that she left El Paso county to visit California, had accepted a position there, but that he had not been able until a few days prior thereto to obtain her address so as to communicate with her or take her depositions; that he then had her address, obtained the day before; that he had wired to ascertain if she would come to El Paso; that he believed he would receive a reply in the next few days, and asked a postponement of the trial for four or five days. This application was overruled, and the cause proceeded to trial.

On December 7th the second application was filed, alleging that, defendant having testified in his own behalf in part on the 6th, and the court having adjourned over to the morning of the 7th, the allegations show the proposed additional testimony to be material, and alleging that he was physically unable to attend the trial. His attendant physician testified that defendant was then sick in bed, suffering with bronchitis, swollen face, one eye partially closed, and had fever; that he was not then able to attend court, but would likely be able in three or four days.

Upon the 8th, after all the witnesses present had given their testimony, by formal written motion the other applications were insisted upon and to this motion was attached a message from witness Phinney, which stated that a leave of absence had been obtained, and that she could reach El Paso on Friday following, and asked a postponement for that time, that all three of the said witnesses might be present to testify.

[1] The continuance should have been granted. The want of statutory diligence was sufficiently excused, if not within the letter, at least within the spirit of the statute. Dillingham v. Ellis, 86 Tex. 447, 25 S. W. 618; Horwitz v. La Raoche, 107 S. W. 1148; Railway v. Henning, 52 Tex. 474.

[2, 3] The court qualified the bill of exceptions to the order overruling the second application with the statement that he thought defendant was malingering. There is nothing in the record to indicate upon what he based the statement, so we cannot give any weight to it, but, on the other hand, a qualified physician in good standing testified under oath that it was not safe for defendant to come to court, and there is nothing in the record to contradict the truth of the physician's testimony. Under such circumstances the trial court should act upon the facts in evidence, instead of his own mental impression or facts outside of the record. Such matters are largely in the discretion of the trial court, and appellate courts will not reverse unless it clearly appears that such discretion has clearly been abused, as in this case appears.

Again, it was a material inquiry in the case as to whether defendant had abandoned the property as a homestead, and the record shows that his father could have testified to material facts in this respect, and defendant should have been given time to take his depositions if he was physically and mentally able to give them. It also seems that, even though it should be held that there was no strict diligence in case of witness Phinney, by reason of the importance of her testimony upon the question of validity of the note sued upon, the three days' time requested for her to come to the trial should have been granted. Exact justice between parties is the object sought in the trial of causes of action, and to properly and accurately reach this end all the facts should be before the court and jury, which clearly has not been the case in this instance, and the record here does not justify a holding that defendant has been so dilatory as to justify the trial court in refusing the few days' postponement asked for.

[4] By another assignment it is urged that the cause should be reversed because of the following charge:

"You are further charged * * * that, when a homestead has been acquired, it continues to be the homestead until the acquisition of a new homestead by the same parties, or until its abandonment as such homestead; whether or not premises which constituted a homestead have been abandoned as such is a question of

intention on the part of those whose homestead it was, such intention being evidenced as well by acts and conduct as by their statements, and the intention to abandon a homestead may be shown by continued absence from the same in connection with other circumstances showing such intention to abandon."

It is charged that it is upon the weight of the evidence. Continued absence is not a controlling fact, but simply an evidentiary fact, of an actual abandonment.

"Abandonment is accomplished, not [merely] by going away without any intention of returning at any particular time in the future, but by going away with the definite intention never to return." Foreman v. Meroney, 62 Tex. 726; Thomas v. Williams, 50 Tex. 271.

"The intent of the parties in leaving the homestead is the controlling fact." Cline v. Upton, 56 Tex. 319.

"When no other homestead has been acquired, it must be undeniably clear and beyond, almost the shadow, at least of reasonable grounds of dispute, that there has been a total abandonment with an intention not to return and claim the exemption, before an abandonment will be found." Sykes v. Speer, 112 S. W. 426, and cases there cited.

The affirmative evidence in this case is that the house upon the lot had been occupied as a homestead for many years; that just prior to the execution of the deed of trust it burned down; that immediately thereafter the defendant and his wife rented a house in which they lived for a time, and that they had lived in rented houses since that time and up to the trial; that they had not purchased another home or lands. In view of the fact that a new trial is ordered, we express no opinion as to the sufficiency of the proof as to abandonment of the homestead.

Other assignments are presented, but they are of no consequence in view of the above holding. Because of the error in overruling motions to postpone and the error in the charge upon the law of homestead abandonment, the cause is reversed and remanded.

WALTHALL, J., did not sit, being absent on committee of judges assisting the Supreme Court.