ST. LOUIS, B. & M. RY. CO. v. VICK.
(No. 6163.)

(Court of Civil Appeals of Texas. San Antonio.
Feb. 19, 1919.)

1. APPEAL AND ERROR ⚙⟿544(1) — BILL OF
EXCEPTIONS—CONTINUANCE.

In absence of a bill of exceptions relating to
refusal of continuance, assignment complaining
of such refusal must be overruled.

2. MASTER AND SERVANT ⚙⟿256(5)—PLEAD-
ING—AMENDMENT AT TRIAL.

In servant's action for injuries, there was
no error in allowing trial amendment alleging
that plaintiff stepped on a piece of carbon, in-
stead of carbide, as originally alleged by plain-
tiff, and admitting testimony relating to car-
bon; there being no claim of surprise and no
request for a continuance or postponement.

3. APPEAL AND ERROR ⚙⟿1060(4)—HARMLESS
ERROR—ARGUMENT OF COUNSEL.

Assignment complaining that respondent's
counsel, during his argument to the jury, read
each special issue and stated the answer which
he claimed should be returned to each issue from
the evidence, held without merit; the jury hav-
ing failed to return the answers suggested as to
two of the three grounds of negligence relied
on by respondent.

4. APPEAL AND ERROR ⚙⟿528(1)—BILL OF EX-
CEPTIONS—TESTIMONY ON MOTION FOR NEW
TRIAL.

Testimony taken under the statute author-
izing a new trial for misconduct may be per-
petuated as part of the record by means of a
bill of exceptions.

5. EXCEPTIONS, BILL OF ⚙⟿36(3) — MOTION
FOR NEW TRIAL—TIME OF FILING.

Acts 32d Leg. c. 119 (Vernon's Sayles' Ann.
Civ. St. 1914, art. 2073), granting 30 days from
adjournment to file bills of exceptions, and pro-
viding for extension of such time, applies to bills
of exceptions containing testimony taken on a
motion for new trial under the statute relating
to misconduct of the jury.

6. EXCEPTIONS, BILL OF ⚙⟿42 — TIME FOR
FILING—WAIVER.

Bills of exception, like conclusions of law
and fact, not filed in time, cannot become valid
parts of the record by any waiver, as by failure
to file motion to strike out bill of exceptions
within the time prescribed by Court of Appeals
rule No. 8 (142 S. W. xi).

7. NEW TRIAL ⚙⟿140(3)—MISCONDUCT OF JU-
RY — CONSIDERATION OF SHARE OF ATTOR-
NEYS IN RECOVERY.

Testimony as to misconduct of the jury in
considering what portion of recovery in personal
injury action would go to plaintiff's attorneys
held sufficient to show that new trial should
have been granted.

Appeal from District Court, Kleberg Coun-
ty; W. B. Hopkins, Judge.

Action by V. J. Vick against Frank An-
drews, as receiver of the St. Louis, Browns-
ville & Mexico Railway Company, in which
action the said Railway Company was by
amendment made a defendant. From judg-
ment for plaintiff, the Railway Company ap-
peals. Affirmed on condition of remittitur;
otherwise reversed and remanded.

E. H. Crenshaw, Jr., of Kingsville, for ap-
pellant.
Presley K. Ewing, of Houston, for appellee.

MOURSUND, J. V. J. Vick sued Frank
Andrews, as receiver of the St. Louis,
Brownsville & Mexico Railway Company, to
recover damages for personal injuries which
he sustained on February 9, 1914, while en-
gaged as an employé of such receiver in
carrying, with five coworkmen, a heavy end
sill, alleging that while he was so engaged
he slipped on a piece of carbon, or other ob-
structing material, and fell, and that such
end sill fell on him. Negligence was charged
in the following respects: (1) In failing to
cause or permit said end sill to be carried on
a push car or cart; (2) in causing or permit-
ting an insufficient number of men to carry
such sill; (3) in causing or permitting said
carbon or other obstructing material to be
and remain in the pathway of such carriage,
whereby the place was made not reasonably
safe for the work.

The plaintiff on November 7, 1916, amend-
ed, and made the St. Louis, Brownsville &
Mexico Railway Company a defendant, alleg-
ing that since plaintiff's injury the property
held by the receiver had been, by order of
the court in which the receivership was pend-
ing, turned back to said company subject to
the assumption by it of all obligations of the
receiver.

The defendants answered by general de-
murrer, general denial, plea of assumed risk,
and contributory negligence.

A judgment in favor of plaintiff against
both defendants for $5,000, directing execu-
tion against the company alone, was entered
upon the verdict returned by the jury in
answer to special issues submitted. The
company alone appealed.

[1] The assignment complaining of the re-
fusal of the application for a continuance
must be overruled for the reason that there
is no bill of exceptions in the record relat-
ing to such ruling.

[2] It appears that in the petition upon
which the cause went to trial it was alleged
that plaintiff stepped upon a piece of carbide
instead of carbon, and the court permitted
the filing of a trial amendment alleging that
it was a piece of carbon, and then admitted
testimony relating to carbon. There was no
claim of surprise and no request for a con-
tinuance or postponement. There was no
error in permitting the amendment and in
the admission of the testimony. Assignments
2, 3, and 5 are overruled.

⚙⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Complaint is made concerning the admission in evidence of a written statement purporting to be signed by John Brister; the contention being that there was no evidence that the signature was that of Brister. This contention must be overruled. Brister's testimony contained an admission that it was his signature.

The sixth, seventh, and eighth assignments complain of the failure to submit special issues. The statements contain no testimony which would call for the submission of such issues. As briefed, the assignments present no error and are overruled.

[3] It appears from the bill of exceptions on which the ninth assignment is predicated that one of plaintiff's counsel during his argument to the jury read each special issue and stated the answer which he claimed they ought to return to each issue from the evidence; such answers all being, of course, favorable to plaintiff. Although the court stated that the argument was improper, it was continued, and even after the court stated that he had already expressed the opinion that it was improper, but that it was plaintiff's case, and if his counsel wanted to take the risk he could do so, the counsel persisted in continuing such explanation. The remarks of the court indicate that the explanation must have been made in such a manner as, in his opinion, intended to apprise the jury of the effect on the judgment of certain answers, but the bill of exceptions shows nothing further than that counsel told the jury what answers he thought they should return from the evidence. In the argument it is stated that he did not review the testimony relating to such issues no attempt to aid the jury in finding the facts as to such issue, but merely attempted to offer them a guide which they could follow in case of confusion and safely answer the different issues so that plaintiff would receive a verdict. This, however, is not disclosed by the bill of exceptions. The bill of exceptions does not show improper argument. It is impossible to argue the facts relating to special issues without disclosing to a juror of any intelligence what answer will be favorable to the client of the person making the argument, and in a case of this kind the jury would easily comprehend the effect of the answers. In this case the jury failed to return the answers stated by counsel as to two of the three grounds of negligence, and it may safely be assumed that, if the argument was designed to apprise the jury of the consequences which would follow from certain answers, it made no impression on the jury. The assignment is overruled.

A motion has been filed to strike out the bill of exceptions which relates to misconduct of the jury on the ground that it was not filed during term time, and in support of the motion the case of Smith v. Texas Power & Light Co., 206 S. W. 119, is cited, which sustains the contention, and follows many cases by the Court of Criminal Appeals.

This court has heretofore considered bills of exception of this kind filed after term time, and, although we have given careful consideration to the opinions in the cases relied on, we are still of the opinion that the bill of exceptions should be considered. It is true that neither article 837, Code Cr. Proc., relating to new trials for misconduct in criminal cases, nor Rev. St. 1911, art. 2021, relating to misconduct in civil cases, contains any provision for making the testimony taken on such a hearing a part of the record; so other statutes must be examined to ascertain how such a record is to be made. We respectfully submit that the matter under investigation in all cases has been the construction of statutes relating to bills of exceptions and statements of fact, and that there can be no merit in the suggestion submitted in the Smith v. Power Case, to the effect that the enactment of a statute permitting a new trial in civil cases for misconduct carried with it in any way a construction relating to the time for filing bills of exception and statements of fact.

In the case of Black v. State, 41 Tex. Cr. R. 185, 53 S. W. 116, the case referred to in all subsequent cases on the subject, it was held that the language in article 1379 (R. S. 1895), referred to in the opinion as article 1377, the number under a previous revision, to the effect that, "after the trial of any case, either party may make out a written statement of the facts given in evidence on the trial," referred "exclusively to the statement of facts adduced on the trial of the case itself," and had no application to issues of fact formed on grounds set up in the motion for a new trial. The case was decided October 25, 1899. At that time there was a statute (article 1381, R. S. 1895) which provided for an order allowing not exceeding 10 days after adjournment in which to file a statement of facts, but there was no provision for filing bills of exception after term time. Article 1365, R. S. 1895, provided that "it shall be the duty of the party taking any bill of exceptions to reduce the same to writing, and present the same to the judge for his allowance and signature during the term and within ten days after the conclusion of the trial." In the case of Railway v. Joachimi, 58 Tex. 454, it was held that the trial was not concluded under said statute until the motion for new trial was overruled; that "as long as the case stands open for the consideration of the court at the term during which the trial occurs, it cannot be considered as concluded." This decision was approved in Palmo v. Slayden & Co., 100 Tex. 13, 92 S. W. 796. These cases indicate that it could plausibly have been held that testimony taken on a motion for new trial could properly be embraced in "a statement of the facts given in evidence on the trial."

However, in the Black Case the Court of Criminal Appeals gave the word "trial" its ordinary signification, and held that the statute which provided for a statement of facts, in describing it as "a statement of the facts given in evidence on the trial," only authorized the preparation of a statement of the facts shown by the evidence adduced on the trial proper, and the statute allowing the court by an order to extend the time for filing a statement of facts referred only to such a statement of facts. There being no provision in the law for a statement of facts other than that containing evidence taken on the trial proper, the court stated its opinion to the effect that testimony taken on a motion for a new trial should be perpetuated by a bill of exceptions. There being no bill of exceptions in the record on the point, and no law allowing the filing of a bill of exceptions after term time, the court was not called upon to decide, and did not decide, the point at issue in this case. We find that the next case which is most frequently cited is that of Probest v. State, 60 Tex. Cr. R. 608, 133 S. W. 264, in which the court stated that the "testimony" taken on the hearing of the motion for new trial was filed after term time; that the statutes relating to preparation and filing of statements of fact applied only to a state of facts adduced upon the merits of the case; and that the court had theretofore held that the facts as to issues on motion for new trial must have been filed during the term. Judge Ramsey, on motion for rehearing, shows there was a bill of exceptions which contained the statement that testimony had been introduced, but which did not include the testimony, and therefore did not show that the court erred in its ruling. The opinion does not disclose whether the bill of exceptions was filed during term time. All the cases cited in that case were cases in which the testimony had been attempted to be perpetuated by means of a statement of facts which had not been filed in term time. Later on the court held that, notwithstanding the passage of an act allowing 30 days after adjournment in which to file bills of exception, a bill of exceptions containing the testimony taken on the hearing of a motion for new trial must be filed in term time. The first cases so holding apparently are those of Knight v. State, 64 Tex. Cr. R. 541, 144 S. W. 967, and Bailey v. State, 65 Tex. Cr. R. 1, 144 S. W. 996. These cases were decided in 1912. We find that in the Knight Case the following language from the Black Case is quoted:

"These matters must be made of record during the term of court; there is no statute authorizing such matters to be perpetuated in papers filed subsequent to the term."

The fact that such language was used at a time when there was no statute permitting the filing of bills of exception after term time and in connection with a holding that the proper way to perpetuate the testimony was by bill of exceptions was not commented on, nor explanation offered why it would apply after statutes had been enacted allowing 30 days after term time in which to file bills of exception. In the Bailey Case the court quoted from section 7, Acts 31st Leg. c. 39 (1st Ex. Sess.), as follows:

"When an appeal is taken from the judgment rendered in any cause in any district or county court, the parties to the suit shall be entitled to and they are hereby granted 30 days after the day of adjournment of court in which to prepare or cause to be prepared and to file a statement of facts and bills of exception."

The court then said:

"It is thus seen that all which relates to filing bills of exception and statements of fact is in the same section and is upon the same footing."

It then quotes from the Black Case. It is evident that the language quoted places "bills of exception" upon the same footing, with respect to time of filing, with the statement of facts containing the evidence taken on the trial proper, and not on the same footing with statements of fact containing evidence not taken on the trial, but on the hearing of a motion for new trial. In all subsequent decisions, so far as we have been able to ascertain, the question is treated as settled in accordance with the holding in said two cases.

Under our liberal practice it has been held that a statement of facts may serve the purpose of a bill of exceptions, but the bill of exceptions cannot serve the purpose of the statement of facts. Roundtree v. Galveston, 42 Tex. 623; Stephens v. Herron, 99 Tex. 67, 87 S. W. 326. This idea has been embraced in rule 56 for district and county courts (142 S. W. xxi), as to evidence admitted over objection, and it appears that such rule has not been revised since the statute was changed with respect to the time for filing bills of exception.

The theory appears to be that, there being no form prescribed for a bill of exceptions, the authentication incident to approval of a statement of facts includes the verification essential to make a valid bill of exceptions. Our courts, in view of this, have not been disposed to quibble over whether testimony taken on the hearing of a motion for new trial is perpetuated by means of a statement of facts or a bill of exceptions, always bearing in mind, however, that if a statement of facts is to answer the purpose of a bill of exceptions, it must be filed within the time prescribed for filing bills of exception. It is true that at the time the courts established this doctrine and rule 56 was enunciated the statement of facts, like the bills of exception, was copied into the transcript, but the courts have apparently considered this unimportant, and still hold that the statement of facts may embrace bills of exception.

It has been held that, when a motion for new trial is supported by affidavits, it should be made to appear by bill of exceptions or statement of facts that such affidavits were brought to the attention of the court; for otherwise the appellate court could not know upon what evidence the district judge based his ruling. Frizzell v. Johnson, 30 Tex. 32; Colville v. Colville, 118 S. W. 870.

[4-6] While it appears that the same rule would apply to testimony taken under the statute authorizing a new trial for misconduct, it is unnecessary for the purposes of this case to go further than to hold that it is proper to perpetuate such testimony as part of the record by means of a bill of exceptions, and there can be no doubt that such a holding is supported by the authorities. Sharp v. State, 71 Tex. Cr. R. 633, 160 S. W. 373; T. P. Ry. Co. v. Tucker, 183 S. W. 1188. There being no statute which provides specially for filing bills of exception of this kind, the statute which refers generally to bills of exception must be held to include them. The caption and emergency clause to the act of May 1, 1909, and the caption to the act of March 31, 1911 (Acts 32d Leg. c. 119), known as the Stenographers' Acts, indicate an intention to provide more time to file bills of exception in general. Article 2073, Vernon's Statutes, which is taken from said act of 1911, grants 30 days from adjournment in which to file bills of exception, and provides for extensions of such time. We see no escape from the proposition that the provision applies to bills of exception containing testimony taken on a motion for new trial under the statute relating to misconduct of the jury. The motion to strike out the bill of exceptions was not filed within the time prescribed by rule 8 for the Courts of Civil Appeals (142 S. W. xi), which has been held by some of our courts to constitute a waiver of the objection as to time of filing. This court has not adopted that holding, but has adhered to the view that bills of exception, like conclusions of law and fact, not filed in time, cannot by any waiver become valid parts of the record.

We have therefore deemed it necessary to consider the motion on its merits. We regret that we are unable to agree with the Court of Criminal Appeals and the Court of Civil Appeals of the Seventh District on the question, but, believing that the practice heretofore pursued by this court is correct, it is proper that we should adhere thereto, even though by so doing a conflict in decisions results. The motion to strike out the bill of exceptions is overruled.

[7] It is contended that a new trial should have been granted on account of misconduct of the jury in the matter of considering what portion of the recovery would go to plaintiff's attorneys. The testimony of the jurors discloses that it was stated by one of them that the attorneys would receive about 50 per cent. The statement was made by Juror Foster, who was in favor of allowing plaintiff $10,000 and he admitted that his purpose was to get the men who were in favor of a low verdict to raise their estimate. Juror Sims first voted to allow plaintiff $500, and he testified that the discussion concerning attorney's fees influenced him to give more than he would otherwise have given. He also testified that he had come up to $1,000 when the matter of attorney's fees was mentioned, and that he never intended to go higher than that amount. He also testified on cross-examination that he was prejudiced against excessive attorney's fees, and that he would not give a plaintiff as much if the attorneys were to get a large per cent. as he would if they were to receive a small fee. Juror Muil testified that at first he was in favor of a verdict for defendant; that he would not have agreed to a verdict for $5,000 had it not been for the attorney's fees. In spite of the most persistent cross-examination, he adhered to his statement that he could not help but think about how much the attorney was going to get out of it and how much would be left for Mr. Vick. He felt that when he brought in the verdict he was bringing it in for Vick and his lawyers. He thought if the matter of attorney's fees had never been mentioned the jury would have given plaintiff less. In the course of the lengthy and able cross-examination he stated first that he would not testify that, if attorney's fees had not been mentioned, he would never have agreed to $5,000, and finally that he believed he would have agreed to a verdict of $5,000 even if attorney's fees had not been mentioned. Afterwards his attention was called to such statement, and he admitted that he made it, and, when asked if he wanted to take it back, replied:

"Just like I stated before, you couldn't help but keep that before you, the attorney's fees; at least, it came up with me."

There can be no doubt that the matter of attorney's fees was injected into the minds of the jurors, that it was done deliberately to accomplish a certain purpose, and that the purpose was actually accomplished. The testimony of Sims and Muil creates in our minds a conviction that they were actually influenced by the discussion of attorney's fees to agree to the verdict returned in the case. Muil's statement that he believed he would have agreed to $5,000 anyway is only important as a circumstance to be considered in connection with his other testimony on the issue whether he was influenced by the improper discussion, and his testimony as a whole leaves no doubt on that issue in our minds. His belief concerning what he would have done had no discussion taken place cannot make the verdict a good one. A new trial should have been granted. We have heretofore had occasion to consider the effect of

discussions of this kind, and the views expressed need not be repeated. See San Antonio Traction Co. v. Cassanova, 154 S. W. 1190; Steele v. Dover, 170 S. W. 809; San Antonio Traction Co. v. Mendez, 199 S. W. 691.

The judgment will be affirmed, provided a remittitur of one-half thereof is filed within 15 days; otherwise it will be reversed, and the cause remanded.

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes