INTERNATIONAL LIFE INS. CO. v. LESTER.   (No. 469.)

(Court of Civil Appeals of Texas. Beaumont. July 18, 1919. Rehearing Denied Oct. 15, 1919.)

1. NEW TRIAL ⬤99—FOR NEWLY DISCOVERED RELEVANT, MATERIAL, AND COMPETENT EVIDENCE.

In a suit on a life policy, newly discovered evidence, presented in the form of affidavits to support a motion of a defendant for new trial, being relevant, material, and competent, and there being no suggestion of lack of diligence or of interest of the affiants in the result, a new trial should have been granted.

2. NEW TRIAL ⬤104(2)—NEWLY DISCOVERED EVIDENCE NOT CUMULATIVE MERELY.

Where the greater part of newly discovered evidence, shown by affidavits in support of a motion for new trial, relates to distinct and independent facts, that such facts would strongly corroborate evidence which was offered at the trial, and would contradict the evidence of plaintiff, appellee, does not render such evidence merely cumulative.

Appeal from District Court, Harris County; W. M. Masterson, Judge.

Suit by Fannie D. Lester, as beneficiary of a life insurance policy on the life of her husband, James D. Lester, against the International Life Insurance Company, on a policy issued by the Cherokee Life Insurance Company, of Rome, Ga., and afterwards assumed by the defendant. Verdict and judgment for plaintiff, motion for new trial denied, and defendant appeals. Reversed and remanded.

Cole & Cole, of Houston, for appellant.
Settle & Vance and Barkley & Weems, all of Houston, for appellee.

HIGHTOWER, C. J. A fair and correct statement of the nature and result of this suit is found in appellant's brief, and, there being no objection thereto by appellee, the same is adopted, as follows:

This suit was instituted by appellee against appellant to recover on a life insurance policy issued by the Cherokee Life Insurance Company, of Rome, Ga., dated April 3, 1914, which was afterwards assumed by appellant, International Life Insurance Company. The insured was James D. Lester, and the beneficiary was his wife, Mrs. Fannie D. Lester, the appellee herein. The policy was for $1,000, and provided for double liability in event the insured met his death through violent and accidental means. It was alleged that he met his death in such manner by being accidentally drowned, near Pier C, in Galveston, Tex., on November 7, 1915. The petition asked for reasonable attorney's fees and penalty, as provided for by statute.

---

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The defendant, in its first amended original answer, filed December 13, 1917, interposed a general demurrer and general denial, and also specially alleged that the insured, James D. Lester, was not drowned, but that he was in love with one Lenora Bader, of Belleville, Tex., and that he conspired with one R. W. Gatchett, a friend of his, to assist him, by going out in a boat with him, and letting Lester get away under circumstances under which the public would be led to believe that Lester was drowned; that this was done to enable Lester to leave with his paramour, said Lenora Bader, and to do so under circumstances which would enable Lester's wife to collect the insurance money.

Appellee (plaintiff below) filed a supplemental petition, containing certain special exceptions, a general demurrer, general denial, and specially denied the facts alleged by appellant, and pleaded specially that the insurance company was attempting "to devise a scheme to defraud her out of insurance money, by taking advantage of the fact that her husband's body was not recovered, by procuring witnesses to testify untruthfully that they have seen some person resembling her said husband, or his relatives, in different places," all of which was specially excepted to by the defendant in a first supplemental answer, and generally denied.

The case went to trial before a jury on January 15, 1918, and on January 21, 1918, the jury returned a verdict in favor of appellee. Upon the verdict of the jury judgment was entered in favor of appellee for the aggregate sum of $2,750, which includes principal, interest, penalty, and attorney's fees, as prayed by appellee. Motion for new trial was duly made by appellant, but was overruled by the trial court, and appellant duly prosecuted this appeal.

The first and second assignments of error challenge the verdict and judgment on the ground that the evidence was wholly insufficient to show that J. D. Lester met his death in the manner and at the time as claimed by the appellee. Following these assignments and propositions thereunder, a very voluminous statement of the evidence, pro and con, is found in appellant's brief, which consists of 215 pages, and if we deemed it necessary to pass upon these assignments, in order to dispose of this appeal, we would feel required to go at some length into this voluminous evidence. In view, however, of the conclusion reached by us that the judgment must be reversed, and the cause remanded, upon other assignments, we deem it unnecessary, and perhaps not proper, to determine at this time whether or not the evidence was sufficient to warrant the verdict and judgment.

By the third, fourth, fifth, sixth, seventh, eighth, ninth, and tenth assignments of error complaint is made of the refusal of the trial court to grant appellant a new trial, on the ground of newly discovered evidence, all of which was duly and timely set up and contended for in appellant's motion for new trial. Much of this claimed newly discovered evidence is shown by the affidavits of a number of different witnesses, which affidavits were attached to the motion for new trial, and which tend strongly to show that J. D. Lester did not meet his death in the manner and at the time claimed by appellee in this case, but, on the contrary, that he did not meet his death at all, and was probably a live man at the time this case was tried below. To here set out the evidence claimed to have been newly discovered by appellant, and upon which it asks a new trial in this case, would require this opinion to go to such length as to forbid our doing so, and we therefore have decided that we had best not attempt to do so at all, unless we could keep the opinion within reasonable bounds, and at the same time make a fair and substantial statement of this claimed newly discovered evidence.

[1, 2] The bill of exceptions saved by appellant to the action of the trial court in overruling the motion shows that the trial judge did so for the reason, as stated by him, that he considered the alleged newly discovered evidence merely cumulative. The trial judge did not intimate that there was any lack of diligence on the part of appellant relative to this evidence, nor did the trial judge intimate that he considered the same immaterial in any respect, but simply stated that such evidence was, in his opinion, merely cumulative. After a very thorough consideration of the record, we have concluded that the evidence claimed to have been newly discovered by appellant was in every sense newly discovered; in other words, that there is not even a suggestion of a want of diligence on the part of appellant in failing to discover such evidence before the trial, and the desired evidence, as shown by the affidavits attached to the motion, is of such character that there could be no doubt of its materiality to appellant's defense in this case.

There is nothing, as we read the record, to suggest that any of the several witnesses, by whom the desired testimony is expected to be given, are in any manner interested in the result of this case, nor is there anything in the record to suggest that any of these witnesses might be actuated by any improper motive in testifying in appellant's behalf; and after a careful consideration we have concluded that the trial judge was clearly in error in the view expressed by him that the desired evidence was merely cumulative. On the contrary, the greater part of the desired evidence relates to distinct and independent facts from those testified to by any witness on the trial. True, those new, distinct, and independent facts would strongly corroborate evidence offered by appellant on the trial, and would tend to strongly contradict evi-

dence offered by appellee; but that does not render such evidence merely cumulative, under any of the authorities.

Without discussing in detail the assignments of error from 3 to 10, inclusive, we have decided that all of them should be sustained, from which it follows that the judgment should be reversed, and the cause remanded. For the guidance of the trial court upon another trial, and without going into detail, we make the following disposition of the remaining assignments of error:

The matter to which the eleventh assignment relates will not occur on another trial. The twelfth assignment, complaining of the action of the trial court in excluding testimony of Mrs. Morgan in the particulars pointed out by that assignment, is sustained, and upon another trial the court should admit this testimony, if tendered by appellant. The thirteenth assignment of error is sustained. We think that appellant's counsel should have been permitted to ask the witness Gatchett the question mentioned in this assignment, and to have had the witness' answer thereto, under the facts in this case. The fourteenth assignment of error is overruled. The fifteenth assignment of error is overruled. The sixteenth assignment of error is sustained. The testimony objected to was clearly hearsay, and while we would not, perhaps, reverse the judgment for the error pointed out, upon another trial the court should exclude this hearsay testimony. The seventeenth assignment of error is sustained, with the same explanation as to the sixteenth assignment. The eighteenth, nineteenth, twentieth, and twenty-first assignments of error are overruled.

This disposes of all assignments, and because of the trial court's error in refusing to grant appellant a new trial, on the ground of newly discovered evidence, the judgment will be reversed, and the cause remanded; and it is so ordered.

