## SOUTHERN S. S. CO. v. NEELEY.
### (No. 849.)

(Court of Civil Appeals of Texas. Beaumont. June 23, 1922.)

1. **Appeal and error** ⬌644(2) — **Appellate court may consider evidence adduced on motion for new trial which comes up in statement of facts.**

Where evidence as to prejudice of a juror adduced on a motion for a new trial came up in an agreed statement of facts not attacked by motion or otherwise, it may be considered by the appellate court.

2. **Appeal and error** ⬌978(3)—**Ruling of trial court on evidence offered on motion for new trial can be reversed only on a showing of error and abuse of discretion.**

The ruling of trial court as to the prejudice of a juror on evidence offered on motion for a new trial was the determination of a matter of fact, and its decision can be reversed only upon a clear showing of error and abuse of discretion.

Appeal from Harris County Court; Roy F. Campbell, Judge.

Action by Cooper Neeley against the Southern Steamship Company. From judgment for plaintiff, defendant appeals. Affirmed.

Terry, Cavin & Mills, of Galveston, and R. W. Franklin, of Houston, for appellant.

Woods, King & John, of Houston, for appellee.

HIGHTOWER, C. J. The appellee, Cooper Neeley, was an employé of appellant, and while in the discharge of the duties of his employment sustained personal injuries which he alleged were caused by negligence on the part of appellant. By its answer appellant denied liability, and the case proceeded to trial with a jury, and upon conclusion of the evidence appellant conceded its liability, and the only issue of fact for the jury's determination was as to the amount that appellee was entitled to recover. This issue was submitted to the jury,

and the answer was that appellee was entitled to damages in the sum of $425, and judgment was entered upon the verdict accordingly.

Appellant filed a motion for a new trial, in which it complained of misconduct on the part of the jury in two respects. The first was that one of the jurors was prejudiced against appellant, but that when he was examined as to such prejudice, etc., he denied its existence, and that after the jury had retired to consider of its verdict, this juror stated, substantially, to the other members of the jury, that if they had ever worked for the appellant they would be willing to allow appellee damages in the sum of $2,000. It was next complained in the motion that the jury was guilty of misconduct, in that they allowed appellee a recovery of $50, which represented the value of his wife's services in nursing and waiting on him during the time that he was suffering from his injuries, when there was neither pleading nor evidence to warrant the jury in making such allowance. To prove each of these grounds of the motion, three of the jurors who sat in the case were called to testify in the trial court on the hearing of the motion. The trial court, after hearing the evidence introduced upon the motion, overruled the same, and its action in doing so is assigned as error in this court.

When the trial court overruled the motion for new trial, appellant saved the point by a formal bill of exception, and also had its exception noted in the court's order overruling the motion for a new trial. The formal bill is Bill No. 4 in the transcript, and this bill recites the evidence of the jurors on the question of misconduct. This bill of exception, however, was not filed during term time of the court, but was filed some three weeks after the court had adjourned, in accordance with an order of the court permitting such filing. Counsel for appellee, in due time, filed a motion in this court to strike out said bill of exception No. 4, on the ground that, the same not having been filed in term time, there was no authority for filing the same after adjournment of the term, and that the same should not be considered by this court in disposing of the appeal. Appellee's contention in this connection is clearly shown as follows:

"Revised Statutes, article 2073, giving, on appeal from judgment, time beyond the term in which to prepare and file statement of facts and bills of exceptions, does not apply to testimony taken on motions for new trial for misconduct of the jury, which must be preserved by bills of exception or statement of facts filed in term time."

In support of their contention, counsel for appellee cite the case of Smith v. Texas Power & Light Co. (Tex. Civ. App.) 206 S. W. 120. The opinion in that case was by the Amarillo Court of Civil Appeals, speaking through Chief Justice Huff. The opinion is relevant to the point, and clearly sustains appellee's contention. The court in that case followed a holding made by the Court of Criminal Appeals of this state for the first time in the case of Black v. State, 41 Tex. Cr. R. 185, 53 S. W. 116, construing article 824 of the Code of Criminal Procedure. The opinion in the Black Case has been followed by the Court of Criminal Appeals of this state ever since it was rendered by an unbroken line of decisions, which will be found collated in the case of Reyes v. State, 81 Tex. Cr. R. 588, 196 S. W. 532. But the San Antonio Court of Civil Appeals, in the case of St. Louis B. & M. Railway Co. v. Vick, 210 S. W. 247, expressly declined to follow the opinion in Smith v. Power & Light Co., supra, and held exactly contrary to the holding of the Amarillo court in that case on the point, and held that article 2073, supra, granting 30 days from adjournment of the term of the court to file bills of exception, and providing for extension of such time, applies to bills of exception containing testimony taken on a motion for a new trial under the statute relating to misconduct of the jury in civil cases. Thus it clearly appears that there is a direct conflict on the point between the San Antonio court and the Amarillo court, and this court is not disposed to undertake a decision of the point, unless we were of the opinion that its decision was imperatively necessary in the disposition of the case before us. We do not think the decision of the point is necessary for the disposition of this case and we therefore pretermit any further discussion of the conflicting decisions.

[1] The evidence of the jurors introduced upon the motion for new trial relative to the claimed misconduct not only appears in appellant's bill of exception No. 4, but that evidence also comes up as a part of the agreed statement of facts in this case, and this part of the statement of facts is not attacked by motion or otherwise. True, the statement of facts was not filed during the term of court at which the case was tried, but was filed under an order of leave to file after adjournment of the term, in accordance with the statute. Therefore this court sees no reason why it should refuse to consider the evidence adduced upon the motion for new trial, which has come up in the statement of facts agreed to by all parties, and the consideration of which has not been objected to by appellee in this court, and we shall not decline to consider such evidence as a part of the statement of facts in this case.

[2] Looking to the evidence of the three jurors who testified on the motion for new trial, we fail to find anything that would warrant a holding by this court that the juror claimed to have been prejudiced against

appellant was so in fact, and therefore we have concluded that such claimed prejudice on the part of said juror was but an issue of fact for the determination of the trial court in ruling upon the motion, and that ruling involves a finding by the trial court against the claimed prejudice, and the trial court's ruling on the point could only be reversed upon a clear showing of error and abuse of discretion by that court. Railway Co. v. Gray, 105 Tex. 42, 143 S. W. 606; West Lumber Co. v. Tomme (Tex. Civ. App.) 203 S. W. 784.

It does appear from the undisputed evidence of the three jurors who testified upon the motion for new trial that in arriving at the verdict in this case the jury took into consideration the value of the wife's services in nursing appellee during the time he was confined in consequence of his injuries, and that the jury allowed appellee $50 for the value of such services in addition to other sums allowed him for his own loss of time and mental and physical suffering. It is conceded that the jury was unauthorized to consider this matter and to make allowance to appellee therefor, for the reason that there was neither pleading nor evidence to warrant such action on the part of the jury, and it is therefore manifest that the judgment in favor of appellee for $425 cannot be upheld, but, on the contrary, must be reduced by deducting therefrom the amount of $50. Therefore the judgment in favor of appellee will be reformed by this court by deducting therefrom $50, leaving judgment in favor of appellee for $375, with 6 per cent. interest thereon from the date rendered in the trial court, and, as so reformed, the judgment will be affirmed.