## LINTHICUM v. RICHARDSON. (No. 794.)

(Court of Civil Appeals of Texas. Beaumont. Oct. 23, 1922.)

1. **Mortgages** ⟨⇒⟩32(2)—For deed absolute to be mortgage, it must be so understood by both parties.

For a deed absolute on its face to be a mortgage, it must be shown that such was the intention of both parties.

2. **Appeal and error** ⟨⇒⟩644(2) — Appellate court may consider evidence adduced on motion for new trial when included in the agreed statement of facts, though exception embodying it may be void.

Where evidence heard in support of a motion for new trial is included as part of the agreed statement of facts in an appeal from an order overruling the motion, and is also included in appellant's bill of exceptions, such evidence may be considered by the appellate court, regardless of whether the bill of exceptions might be void because filed out of term with the court's permission, rather than under Rev. St. § 2073, which question is not decided.

3. **New trial** ⟨⇒⟩104(3)—Evidence adduced on motion for new trial held not "cumulative evidence."

In an action to have a deed absolute declared a mortgage, newly discovered testimony of two persons, who stated that defendant told them he had sold the land rather than mortgaged it, held relevant, material, and not cumulative evidence; "cumulative evidence" being additional evidence of the same kind to the same point.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Cumulative Evidence.]

**4. Evidence ⊂⊃129(6)—Of similar transactions with others wherein deed absolute was given as mortgage, held improperly admitted.**

In an action to have a deed absolute declared a mortgage, testimony that defendant had accepted a deed absolute from plaintiffs' brother with the understanding that it was in fact a mortgage *held* inadmissible, since persons capable of contracting have a right to make such contracts as they see proper, and the fact that a particular contract has been made with one person does not tend to show that a similar contract was made with another.

Appeal from District Court, Nacogdoches County; L. D. Guinn, Judge.

Action by H. J. Richardson against C. B. Linthicum. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

V. E. Middlebrook and S. M. Adams, both of Nacogdoches, for appellant.

Harris & Harris, of Nacogdoches, for appellee.

O'QUINN, J. Appellee sued appellant for the title and possession of 27½ acres of land, alleging that he was the legal owner thereof, but that theretofore he had borrowed $176.22 in money from appellant, and, in order to secure the payment of same, had executed a general warranty deed to said land to appellant, which was intended only ⸱as a mortgage to secure said deed, and that at the time of the execution of said deed appellant agreed with appellee to reconvey said⸱ land to appellant whenever appellee paid to appellant said sum of money, and that he had tendered said money to appellant and requested a reconveyance of said land, but that appellant refused to accept said money or to reconvey said land, and appellee tendered said sum of money into court. Appellant answered by general demurrer and general denial.

The case was tried before a jury upon special issues, the said issues and answers of the jury thereto being as follows:

."Special Issue No. 1. Did the plaintiff, H. J. Richardson, have an agreement with the defendant, C. B. Linthicum, before and at the time he made the deed on the 26th of October, 1920, that Linthicum would convey the land back to Richardson upon the payment of the indebtedness by Richardson to Linthicum?"
To which the jury answered: "Yes."

"Special Issue No. 2. What is the amount of indebtedness that Richardson owes Linthicum; that is, what amount of money did Richardson get from Linthicum on this particular transaction? You will answer this by giving the amount in dollars and cents, exclusive of interest."
To which the jury answered: "$300.00."

Upon the answers of the jury, judgment was entered that appellee recover the land, and that appellant recover of appellee the sum of $300, with interest at the rate of 6

per cent. per annum from date of the execution of the deed, together with all costs of suit, and that the lien of appellant be foreclosed upon the land, from which judgment appellant brings this appeal.

The controlling question in the case is: Was the deed from appellee to appellant intended by the parties and understood by them to be a mortgage? The plaintiff, appellee here, testified positively that such was the case, while the defendant, appellant here, just as positively testified that he bought the land outright, and that no such understanding as that the conveyance was a mortgage was had or considered.

[1] In order for a deed absolute on its face to be a mortgage, the evidence must show such to have been the intention of both parties. That the grantor so understood is not enough. Webb v. Burney, 70 Tex. 322, 7 S. W. 841; Harrison v. Hogue (Tex. Civ. App.) 136 S. W. 118.

The jury, in answer to special issue No. 1, found that at the time the deed was executed there was an agreement between the parties that appellant would convey the land back to appellee upon the payment by appellee to appellant of the sum of money that appellee obtained from appellant; this was a finding that the deed was intended to be a mortgage.

[2] Appellant filed a motion for a new trial, among other things, upon the ground of newly discovered evidence, and attached to said motion the affidavits of two persons, O. B. Slay and C. B. Justice, in which each stated that appellee, Henry Richardson, after the making of said deed and before the trial of the case, told them that he had sold the land in question to appellant. When the motion was heard by the court, they testified to the same fact, and that Henry Richardson did not mention anything about a mortgage, or that the land was to be deeded back to him by appellant, but that he (appellee) told them that he had sold the land to appellant. They also testified that Sam Richardson, brother of appellee, and witness for plaintiff, stated to them that his brother, Henry, had sold his interest to appellant.

On the question of whether or not the deed was a mortgage there were only three witnesses testified, Henry Richardson, plaintiff, and his brother, Sam, on the one side, and defendant, Linthicum, on the other. Thus it is seen that the testimony of Slay and Justice would have corroborated the defendant's testimony that the instrument in question was an absolute deed and not a mortgage.

The court, after hearing the evidence submitted on the motion, overruled same, and its action in so doing is assigned as error.

When the court overruled the motion for a new trial, appellant excepted to said action, and preserved a formal bill of exceptions thereto, and also had his exception

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

noted in the court's order overruling the motion. The formal bill is No. 4 in the transcript, and this bill refers to the affidavit of each of said witnesses, as shown by the record, as to the substance of their testimony. This bill, however, was not filed during the term time of the court, but was filed after the court had adjourned, in accordance with an order of the court permitting such filing. While appellee has not filed any motion to strike out appellant's said bill of exception, yet counsel for appellee, in the last page of their brief, say:

"The appellant cannot take the advantage of this assignment, even if it presented error, for the reason that he has failed to file his bill of exceptions to this matter within the time required by law."

We take it that counsel for appellee intended to call the court's attention to article 2073, R. S., which, on appeal from judgment, gives time beyond the term in which to prepare and file statement of facts and bills of exception, and to insist that same does not apply to testimony taken in motions for a new trial for newly discovered evidence, but that same must be preserved by bill of exception or statement of facts filed in term time. In construing this law, the Court of Criminal Appeals has consistently held that bills of exception or statement of facts containing evidence had at the hearing of a motion for a new trial must be filed in term time, and one that is not so filed cannot be considered. Reyes v. State, 81 Tex. Cr. R. 588, 196 S. W. 532.

The Amarillo Court of Civil Appeals, in Smith v. Texas Power & Light Co., 206 S. W. 120, followed the holding of the Court of Criminal Appeals, but the San Antonio Court of Civil Appeals, in St. Louis, B. & M. R. Co. v. Vick, 210 S. W. 247, refused to follow the opinion in Smith v. Power & Light Co., supra, and held exactly the opposite—that article 2073, supra, applies to bills of exception containing testimony taken on a motion for new trial. But we do not believe it necessary for us to decide the question in the disposition of this case, and hence do not further discuss same.

The evidence of the witnesses introduced upon the motion for new trial relative to the newly discovered evidence not only appears, by reference to the record, in appellant's bill of exception No. 4, but it also is a part of the agreed statement of facts, and this is not in any manner attacked or objected to by appellee. It is true that the statement of facts was not filed during the term of the court at which the case was tried, but same was filed under order of the court granting leave to file after adjournment, in accordance with the statute. We do not believe that there is any reason for us to not consider the evidence adduced upon the motion for a new trial when the same appears in a statement of facts agreed to by all parties, and to which no objection has been urged by appellee; hence we give same full consideration. Southern Surety Co. v. Neeley (Tex. Civ. App.) 243 S. W. 607.

[3] But appellee says that said motion was properly overruled because the newly discovered evidence was merely cumulative, and therefore did not constitute ground for a new trial. As before stated, the controlling question in the case was whether the instrument is a deed or a mortgage. On the trial, Henry Richardson, plaintiff, testified that it was intended to be a mortgage, and defendant, Linthicum, testified that it was a regular deed, and was so intended. The newly discovered evidence proposed to be given by Slay and Justice is that plaintiff, Henry Richardson, after the making of the deed in question, and before the trial of the case, told them that plaintiff had sold the land in question to defendant, saying nothing as to the mortgage question, and nothing about mortgaging the land to secure the payment of a debt. There can be no question but that this evidence is relevant and material, and the diligence of appellee is not challenged; neither is said evidence cumulative. Dillingham v. Ellis, 86 Tex. 447, 25 S. W. 618; Railway v. Forsyth, 49 Tex. 171. Here the newly discovered evidence was declarations and admissions of appellee. No evidence of this kind had been given on the trial. Cumulative evidence is additional evidence of the same kind, to the same point. Although evidence tends to prove the same proposition as that previously introduced, yet it is not cumulative when it is of a different character, and merely tends to prove the former proposition by proof of a new and distinct fact. Railway Co. v. Forsyth, 49 Tex. 171; Dillingham v. Ellis, 86 Tex. 447, 25 S. W. 618; International Life Ins. Co. v. Lester (Tex. Civ. App.) 215 S. W. 351.

[4] Appellant also complains that evidence was admitted over his objections as to a transaction between him and Sam Richardson, brother of appellee, and that same was irrelevant, hearsay, prejudicial, and res inter alios acta. The evidence objected to was, in effect, that shortly before the transaction between appellant and appellee Sam Richardson, brother of appellee, borrowed $350 from appellant and deeded to appellant his 27½-acre interest in the estate, with the understanding that appellant was to deed it back to him for $400, which was done. Sam Richardson testified:

"He loaned me $350, and I secured him a deed to my land. The understanding between us was that he was to pay me $350 for the land and he was to deed it back to me for $400. It was 10 or 15 days from the time I deeded the land to Mr. Linthicum until he deeded it back to me. I gave him notes for $400."

On cross-examination he testified:

"I sold my interest in the estate, 27½ acres, for $350. Then he sold it back to me for $400.

That was the understanding we had at the time Mr. Linthicum let me have the $350. He said he would not let me have the money unless I agreed to buy the land back for $400."

The objections to the testimony should have been sustained. The similarity of the terms of the transaction with Sam Richardson and that of appellee is very marked; the loaning of money, receiving a general warranty deed, promise to later reconvey the land, all agree with the contention of appellee as to what the terms of his contract with appellant were. As the main question in the case was, did appellant loan money to appellee and take a deed to the land and promise to reconvey upon payment of money, the jury might have been induced to believe, from the fact that appellant had made such an agreement with Sam Richardson, that he had made a similar one with appellee, as was claimed by him. Beakley v. Rainier (Tex. Civ. App.) 78 S. W. 703; Stockton v. Brown (Tex. Civ. App.) 106 S. W. 423, 426; Stuart v. Kohlberg (Tex. Civ. App.) 53 S. W. 596; Henderson v. Mercantile Co. v. First National Bank, 100 Tex. 349, 99 S. W. 850; Judson v. Bell (Tex. Civ. App.) 153 S. W. 170.

As was said by Judge Key in Beakley v. Rainier (Tex. Civ. App.) 78 S. W. 702: ·

"Persons capable of contracting have' the right to make such contracts as they see proper, and the fact that a defendant has made a particular contract with a third person does not tend to show that he has made a similar contract with the plaintiff."

For the errors discussed, the judgment is reversed, and the cause remanded.