MARY C. CLINE ET AL. v. MARY C. UPTON ET AL.

(Case No. 1453.)

1. SEPARATE PROPERTY.— A purchaser at execution sale, under a judgment against the husband, acquires title to the property purchased, if the same was acquired during coverture by deed, though executed to the wife, if the purchaser at execution sale had no knowledge as to whether the property was acquired by the separate means of the wife.

2. ABANDONMENT.— Long continued absence from the place once occupied as a homestead can be looked to by a jury only for the purpose of ascertaining the intent with which the removal from it was made.

3. ABANDONMENT.— The fact of removal from the homestead, coupled with an intention never to return to it as such, constitutes abandonment, and nothing less does.

4. ABANDONMENT.— Though no length of absence from a homestead will constitute an abandonment thereof, unless there be an intention not to return to it, yet an absence may be so long continued, and under such circumstances, that a jury would be authorized to find that the intention never to return and again use the homestead existed.

4. ABANDONMENT.— Homestead rights are lost by an abandonment with intention at the time of removal not to return, and the length of such absence is not material; if the intention to abandon continued until the rights of a purchaser at execution sale attached, the title vests in the purchaser.

6. CHARGE OF COURT.— See opinion for charge of court on the subject of abandonment held error.

APPEAL from Harris.    Tried below before the Hon. James Masterson.

In January, 1867, Upton et al. bought the land in controversy, and occupied the same as a home until the beginning of the year 1868.    The deed to the same was in the usual form, and in the name of the wife (but did not recite that it was bought with her separate means, or for her separate use or estate).    In the early part of 1868 Upton and wife left said place, removing to a farm on the Brazos river; from there, in 1869, they went to Refugio county, where they resided until 1873, during which time the husband was sheriff of Refugio county.    They never returned to Harris county until after the filing of this suit, in the year 1880.    Mrs. Upton's parents resided on the property in suit, after they removed, until 1869, when the buildings, which were of cheap construction, fell down, and were carried off by trespassers, together with the fence and all other improvements.    In 1874 the property was sold under an execution issued by virtue of

a judgment rendered in favor of Forbusch *v*. R. A. Upton in the district court of Harris county, in 1868, and bought in by Wm. Cline for the sum of $66, which was paid to plaintiff in execution. The sale was in all things regular, and his deed recorded. Both parties to this suit paid the taxes on the property. In October, 1880, Upton filed this suit against Mary C. Cline, administratrix of Wm. Cline, deceased, and his minor children, who were duly served with process, and Henry Cline appointed guardian *ad litem* for said minors. He qualified and defended for them. Appellees sought to recover the property as their homestead. There was also an allegation that it was Mrs. Upton's separate property, but this was not insisted on in the trial. Appellants denied that it was their homestead, and alleged that it had been abandoned if it ever was. Verdict and judgment for appellees establishing their homestead claim.

*E. P. Hamblin* and *Cline & Chapman*, for appellants.

*S. Taliaferro*, for appellees.

I. The property having been purchased and used for a homestead, its homestead character cannot be changed so as to render it subject to forced sale for the payment of the personal debts of the husband, until a new domicile is actually acquired *facto et animo*. Story's Conf. of Laws, sec. 47; Gouhenant *v*. Cockrell, 20 Tex., 97; Somerville *v*. Somerville, 5 Ves., 787.

II. When no new domicile has been acquired, the law will not presume that appellees abandoned their homestead because of a mere continued absence therefrom for several years; but to the contrary, the proof of abandonment must be made by evidence — the most clear, conclusive and undeniable. Cross *v*. Everts, 28 Tex., 533; McMillan *v*. Warren, 38 Tex., 410; Shepard *v*. Cassidy, 20 Tex., 29; Gouhenant *v*. Cockrell, id., 96.

STAYTON, ASSOCIATE JUSTICE.— There is no claim that the property in controversy was not the homestead of appellees in the year 1868, and whether it was purchased with the separate means of the wife is unimportant, being purchased during the marriage of Upton and wife, in so far as the rights of the appellants are concerned, if the purchase was made by Mrs. Cline for a valuable consideration without knowledge of the manner in which the purchase money was paid. Cook v. Bremond, 27 Tex., 457; Kirk v. Navigation Co., 49 Tex., 215.

The only question in the case was, had the property been abandoned as a homestead; and that question should have been submitted to the jury by a charge which submitted it clearly, and without anything calculated to induce the jury to believe that the length of time the parties remained absent from the place was an element absolutely necessary to be considered in determining that question.

As an independent fact, or as a fact taken in connection with other facts, the length of time parties remain absent from a place formerly used as a homestead may and ought to be considered by a jury for the purpose of determining whether or not a removal from a homestead was made with intent never again to use the property as a homestead.

Long continued absence can be looked to only for the purpose of ascertaining the intent with which a removal is made. It is not necessary that absence be continued for a great length of time to constitute abandonment. The fact of removal, coupled with an intention never to return to the homestead, constitutes an abandonment, and nothing less does. 41 Tex., 359; 20 Tex., 97; Thompson on Homesteads, 265.

While it is true that no length of time a person is absent from a homestead can constitute an abandonment thereof, unless there be an intention never to return to it,

yet an absence may be so long continued, and under such circumstances, that a jury would be authorized to find that the intention never to return and again use the homestead existed, although the party setting up the exemption had never acquired another. Woolfolk *v.* Ricketts, 41 Tex., 362; Thompson on Homesteads, 265, 266, 267 and citations.

Abandonment is a question of fact to be determined like any other fact, and considering the beneficent purpose of the exemption, ought never to be found to exist unless the removal and accompanying facts clearly show that the party in removing never intended to return to the homestead and use it as a home. As was said by Hemphill, C. J., in Gouhenant *v.* Cockrell, 20 Tex., 98: "True, a homestead may be disrobed of its guaranties and the protection lost. The best evidence of this is that a new and permanent one has been acquired. Admitting, however, as we have held, that less evidence may be sufficient, and that where there is abandonment, with a fixed intention not to return, the property may be open to creditors, yet it must be undeniably clear and beyond almost the shadow at least of all reasonable ground of dispute, that there has been a total abandonment with an intention not to return and claim the exemption."

In this case the jury in the main were carefully and accurately instructed, but amongst other matters they were instructed that "The question of abandonment is largely a question of fact. If the proof shows that Upton and wife went away from the place with the purpose to abandon it as a home, then if such absence has continued for so long and under such circumstances as to convince you that the homestead rights were abandoned, then find for defendants on the question of abandonment."

This charge gave the jury to understand that the removal from the home with intent to abandon it was not enough

to authorize a verdict for the defendants, if continued until their rights attached; but that they should look to the length of the absence and other circumstances to determine whether the homestead *rights* were abandoned or not. If Upton and wife went away from the place with the purpose to abandon it as a home, and so remained away, the same purpose or intent continuing, until the right of Mrs. Cline attached, their right was gone and the jury should have been so charged, without coupling the charge with matters which could be looked to by the jury only for the purpose of ascertaining the intent with which the removal was made, and not as facts or elements upon which the homestead right depended.

If there had been a clear instruction given to the jury as to what would constitute such abandonment as would forfeit the homestead exemption, the charge given might not have been misleading; but as given, the jury were left to determine what were the essential elements of abandonment, and uninstructed in regard thereto. They may have considered, unless there had been an absence of twenty or thirty years, or even a longer period of time, that there could not have been an abandonment, notwithstanding the appellees may have removed from the property with intent never to return to it again.

It is believed that the charge as given, when considered with reference to the facts in proof in the case, was well calculated to mislead the jury, and that injury to the appellants resulted therefrom, and for this reason the judgment of the court below is reversed and the cause remanded.

REVERSED AND REMANDED.