This was approved in United States v. Armour & Co. (D. C.) 142 Fed. 825; Dodd v. State, 44 Tex. Cr. R. 482, 72 S. W. 1015; Coleman v. State, 43 Tex. Cr. R. 17, 63 S. W. 322.

[5] It is again urged that the affidavit made by Virginia Carothers and used on the trial was not admissible, for various reasons, among others, it is contended defendant was not confronted with the witnesses, etc. However this may be, there was no bill of exceptions reserved to the affidavit. It was agreed to by the defendant and his attorney in open court, with the concurrence of the court, for reasons already quoted and stated above, and no objection was urged to it on the trial. It comes for the first time on motion for new trial. The writer has not agreed with the majority of the court on the question of the reproduction of testimony under the constitutional provisions requiring the accused to be confronted with the witnesses against him, but this question does not come within that rule as he understands it. A defendant may object to the reproduction of testimony or its production in any form if it has not been legally done. The rule is well settled also that in order to obtain advantage the testimony must be objected to at the time, with the exception of where the wife is used in behalf of the state. There being no exception, and the matter having been fully agreed to by the defendant and his attorney, Mr. Cresson, we find no error in this matter requiring a review of the question or a reversal for that reason.

As the record is presented, we are of opinion that there is no reversible error shown, or that the errors as shown are not of such nature and presented in such manner that they can be reviewed to the end of reversing the judgment.

The judgment therefore will be affirmed.

---

DERRY v. HARTY et al. (No. 5644.)

(Court of Civil Appeals of Texas. Austin. April 19, 1916.)

1. APPEAL AND ERROR ⬉994(3), 995—REVIEW—FINDINGS.

On trial by court without a jury, the court is the sole judge of the credibility of witnesses and weight of the testimony.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3904–3905½, 3907; Dec. Dig. ⬉994(3), 995.]

2. HOMESTEAD ⬉181(3) — ABANDONMENT — EVIDENCE—WEIGHT.

In an action by a widow to recover title and possession of a lot as a homestead, evidence of

removal and declarations *held* to support a finding of abandonment.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 353; Dec. Dig. ☞181(3).]

3. HOMESTEAD ☞164 — ABANDONMENT — ACQUIRING ANOTHER HOMESTEAD.

A homestead may be abandoned notwithstanding another has not been acquired.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 327, 328; Dec. Dig. ☞164.]

4. HOMESTEAD ☞163 — ABANDONMENT — REMOVAL—INTENT TO RETURN.

Removal coupled with intent never to return constitutes abandonment of a homestead.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 320–326; Dec. Dig. ☞163.]

5. HOMESTEAD ☞181½—ABANDONMENT—INTENT—QUESTION FOR JURY.

In an action raising issue of homestead abandonment, the intent to abandon is a question of fact for the jury or court trying the case.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 401; Dec. Dig. ☞181½.]

Appeal from District Court, Williamson County; C. A. Wilcox, Judge.

Action by Belle Derry against Charles L. Harty and another. From a judgment for defendants, plaintiff appeals. Affirmed.

Wilcox & Graves and J. B. Robinson, all of Georgetown, for appellant.

RICE, J. Appellant, who is the head of a family, during the year 1908 purchased a house and lot in Georgetown, in which, with her children, she lived as a home until July, 1911, when she left it, going to points in Bell and Williamson counties, where, it seems, she picked cotton during that season with one Gus Derry, and later cooked for Mr. Roundtree. In the latter part of said year she and Derry were arrested and employed appellee Harty, an attorney, to represent them, by reason of which she became indebted to him for attorney's fees. In April, 1912, she married Derry and moved to Dallas, where she continued to live until July, 1914, when she returned to Georgetown; her husband having died in the meantime. Prior to the death of her husband, Harty obtained judgment against them for the amount due him as attorney's fees, and thereafter, on the 7th of January, 1913, levied an execution upon the lot in question, and sold the same thereunder, at which sale he became the purchaser, subsequently conveying it to W. R. McElroy, one of the appellees herein; and this suit was brought by appellant against Harty and McElroy to recover title and possession of the lot on the ground that the same was her homestead and not subject to forced sale at the time of the levy, as well as for damages for the alleged conversion of certain personal property left by her in the house. Harty and McElroy answered, denying that the property was her homestead, or that she was the head of a family, or that they had ever converted the personal property, and alleged that if the lot had ever been her homestead she had abandoned it prior to and at the time of the levy, and that the same was subject to execution. The case was tried before the court without a jury, who found as a matter of fact that appellant had abandoned the property as her homestead prior to and at the time of the levy of the execution, and that she was not entitled to recover, and judgment was entered accordingly, from which this appeal is prosecuted; and the principal contention is that the court erred in finding as a fact that appellant had abandoned the property in question as her homestead.

[1-5] There being no jury, the findings of the court must be treated as we would the verdict of the jury; and, if there is any evidence to support it, the judgment must be sustained. See Wells v. Yarbrough, 84 Tex. 660, 19 S. W. 865. The court in such cases is the sole judge of the credibility of the witnesses and the weight of the testimony. See Miller v. Himebaugh, 153 S. W. 338. Appellant left her home in 1911, and did not return to it until 1914. She married in April, 1912, and moved with her husband to Dallas, where she lived until his death, which occurred in December, 1913, and continued to remain in Dallas until the following summer. At the time she left her home, and on numerous occasions during her absence, it was shown that she had frequently declared her intention never to return to Georgetown; that she expected to remain with her husband wherever he might go. When arrested she made a deed to this property to Mr. Roundtree to secure bond, declaring at the time that it was not her homestead, and that she never expected to live in it again. It was also shown that she had written to one of her sons during the time that she was absent, stating that she never expected to return home, and intended to give the place to her children. There was evidence, however, showing that when she left her home she left her household and kitchen furniture there in charge of the children, who remained in the house until the forcible entry and detainer suit was brought against them, when they surrendered possession to appellee Harty. She also specifically denied having stated that she never intended to return. The evidence in her behalf was sufficient, if the court had found in her favor, to have sustained its judgment. The judge, however, evidently disregarded the testimony of appellant and her witnesses. This was his province. Jones v. Jones, 146 S. W. 265–270, and cases there cited. It is true that during her absence she never acquired another homestead, but this was not necessary, since the homestead may be abandoned, notwithstanding another has not been acquired. See Woolfolk v. Rickets, 41 Tex. 362; Cline v. Upton, 56 Tex. 319; McMillan v. Warner, 38 Tex. 414; Shepherd v. Cassiday, 20 Tex.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

29, 70 Am. Dec. 372; Jordan v. Godman, 19 Tex. 275. Removal, coupled with an intention never to return, constitutes an abandonment of the homestead. See Cox v. Shropshire, 25 Tex. 123; Shepherd v. Cassiday, supra; Cline v. Upton, supra. The question of intent to abandon is one of fact solely for the consideration of the court or jury trying the case. McMillan v. Warner, supra; Edmonson v. Blessing, 42 Tex. 601.

While the evidence, as we have seen, would have sustained a finding in favor of appellant, still, there is ample evidence, in our opinion, to support the judgment of the court, for which reason the same is in all things affirmed.

Affirmed.

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.