TAYLOR et al. v. W. C. BELCHER LOAN & MORTGAGE CO. (No. 6773.)

(Court of Civil Appeals of Texas. Austin. July 2, 1924. Rehearing Denied Oct. 8, 1924.)

1. Judgment ⬦747(4)—Trespass to try title ⬦47(1) — Judgment that plaintiffs take nothing and that defendant go hence without day divests plaintiffs of title.

Judgment, in trespass to try title, that plaintiffs take nothing and that defendant go hence without day with his costs, upon his plea of not guilty, divests whatever title plaintiffs may have, and vests defendant with title and right of possession, and is bar to any suit by plaintiffs against defendant for same land.

2. Judgment ⬦713(2)—Final as to all questions involved in same cause of action.

Decree or judgment is final as to all questions involved in same cause of action and defenses thereto which parties to suit might have adjudicated therein.

3. Adverse possession ⬦51—Limitations cannot run back prior to former suit divesting of title.

Claim of limitation, in part running before date of final judgment in trespass to try title, divesting defendants of title and right of possession, cannot be maintained, in view of Vernon's Sayles' Ann. Civ. St. 1914, arts. 7731, 7733, 7740, 7741, 7755, 7758.

4. Adverse possession ⬦45—Pendency of suit, in trespass to try title and for possession, suspended running of limitations.

Limitations were suspended between filing by one in possession of suit in trespass to try title and for adjudication of right of possession and final judgment of Supreme Court, in view of Rev. St. 1911, art. 5680.

5. Appeal and error ⬦842(3)—Whether improvements, made pending suit for title and possession, are in good faith question of fact.

Whether or not improvements are made in good faith by one in possession of land, pending suit by possessors in trespass to try title and for possession, is question of fact, and finding thereon, supported by evidence, will not be disturbed on appeal.

6. Improvements ⬦4(2)—Possessor of land in good faith must be ignorant that his title is contested.

In order to constitute person possessor of land in good faith, he must not only believe that he is true owner, but he must be ignorant of fact that his title is contested by any one claiming better title.

Appeal from District Court, Bastrop County; R. J. Alexander, Judge.

Trespass to try title by the W. C. Belcher Loan & Mortgage Company against Mahala Taylor and others. Judgment for plaintiff, and defendants appeal. Affirmed.

J. P. Fowler, Sr., of Bastrop, for appellants.

Wm. J. Berne, of Fort Worth, for appellee.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

## Statement.

BLAIR, J. This is a suit in trespass to try title and for a writ of possession. It was filed February 14, 1921, by appellee. Appellants answered by a plea of not guilty, and specifically interposed a plea of the 3, 5, and 10 years statute of limitation, a plea for improvements in good faith, and a plea of outstanding title in certain named parties.

A jury was waived, and the cause submitted to the court, and after hearing the evidence judgment was rendered for appellee. This appeal is from such judgment.

## Findings of Fact.

Findings of fact and conclusions of law were filed by the trial court. No separate statement of facts accompanies the record. The pertinent facts and a statement of the manner in which the cause of action arose are as follows: On and prior to April 4, 1911, appellee, W. C. Belcher Loan & Mortgage Company, hereinafter designated the Mortgage Company, was the owner of certain vendor's lien notes, secured by a deed of trust on the land in controversy, the legal title to which was then in Mahala Taylor, a widow, and her children, as heirs of their deceased father, hereinafter designated the Taylors. The Taylors repudiated the loan in 1911, and thereafter, on the date aforesaid, the Mortgage Company caused the land to be sold under the power given in the deed of trust, and became the purchaser of the land at the sale. The trustee executed the Mortgage Company a deed to the land, which was duly recorded in the deed records of Bastrop county, where the land was located. Thereafter, on June 6, 1911, the Taylors, while in possession of the land, instituted suit against the Mortgage Company to cancel and annul the deed of trust and the trustee's deed; and the petition also contained a count in the usual form of a suit in trespass to try title. The Mortgage Company, as defendant in that suit, answered by a general denial and a plea of not guilty. Judgment was rendered in that suit for the Taylors, canceling and annulling the deed of trust and canceling the trustee's deed, and, further, that they have title and possession of the land in controversy. The Mortgage Company appealed from such judgment, which was affirmed by this court in the case of Belcher L. & M. Co. v. Taylor, 173 S. W. 278. A writ of error was granted by the Supreme Court, and on November 19, 1919, that court reversed the judgment of the trial court and of this court, and rendered judgment for the Mortgage Company, under the general order that plaintiffs take nothing by their suit and that the defendant go hence without day and with its costs (212 S. W. 647). No writ of possession was awarded the Mortgage Company as successful defendant in that suit, since both the pleadings of the plaintiffs and itself admit-

ted that it was in possession, although the Taylors were then and had been for many years prior thereto in possession of the land in controversy, and remained so during the pendency of the appeal by the Mortgage Company in that case. The mandate of the Supreme Court was duly received and judgment entered by the trial court in accordance with the opinion. Thereafter a writ of possession was issued by the Mortgage Company as defendant and successful party in that case; but the sheriff refused to serve it without an indemnity bond, because the Taylors, as losing plaintiffs in that case, notified him in writing that the judgment of the Supreme Court did not award or authorize the issuance of such writ. The Mortgage Company then filed this suit in trespass to try title, and for a writ of possession against the Taylors, being the same as parties plaintiffs in the former suit supra, and involving the same land; to which suit the Taylors answered as above stated.

Common source of title is not disputed; hence no necessity for stating the chain of title through which each of the parties to the suit claims, except such as will be stated in the opinion. On the issue of improvements, the trial court found as a matter of fact that they were not made in good faith by the Taylors. Those in whom outstanding title was asserted became purchasers of their interest, pending the appeal of this first suit, from some of the children of Mahala Taylor, who were parties to the judgment of the Supreme Court in such suit at the time of their conveyance. Other facts will be stated in this opinion.

The trial court concluded that, under such facts as a matter of law, the judgment rendered by the Supreme Court in the Belcher Mortgage Co. v. Taylor Case, supra, was between the parties to that suit—that is, Mahala Taylor and her children and those claiming title under them by purchase pendente lite (the pendente lite purchasers being the parties in whom outstanding title was asserted)—and the appellee, a final adjudication of the title to the land in controversy in that suit; that the judgment, under the pleadings, divested plaintiffs in that suit, appellants here, and their purchasers pendente lite of title, and vested it in appellee here, who was defendant in that suit; that by reason of such judgment appellants' chain of title was broken, hence their plea of the three and five years statute of limitation was of no avail; that the plea of the ten years statute of limitation was of no avail, because ten years' adverse possession had not run at the time of filing of this suit by appellee. These conclusions are correct.

[1] Where plaintiffs, in a trespass to try title suit, fail to establish title and their right of possession to the land in controversy, and judgment is that they take nothing,

and that the defendant go hence without day with his costs upon his plea of not guilty, its legal effect is to divest said plaintiffs of whatever title they may have at the time, and has the full force and effect of specifically vesting title and the right of possession in the defendant, and, as between the parties, is a bar to any suit in the future by such plaintiffs against the defendant for the same land.

The Taylors, as plaintiffs in the original suit, sued for both title and possession. The Mortgage Company pleaded in that suit not guilty. The judgment in the lower court and in this court in that case was that plaintiffs, the Taylors, recover both title and possession. The Supreme Court's judgment was that plaintiffs, the Taylors, in such suit take nothing, which was tantamount to a judgment that they have neither title nor the right of possession, and that the Mortgage Company did have title and the right of possession at that time.

[2] A decree or judgment is final as to all questions involved in the same cause of action and defenses thereto which the parties to the suit might have adjudicated therein. Beaumont Irrigating Co. v. Delaune, 107 Tex. 381, 180 S. W. 98; Rackley v. Fowlkes, 89 Tex. 613, 36 S. W. 77.

[3] The former final judgment having divested the Taylors of title and the right of possession to the land in controversy at that time under the pleadings in that case, the only title that they can thereafter assert as between them and appellee, the Mortgage Company, the successful party to the first suit, is such as they might thereafter acquire by limitation. Therefore the cross-action filed by the Taylors in this suit, seeking to recover the land in controversy by limitation, such limitation in part running before the date of the final judgment in the former suit divesting them of title and the right of possession, cannot be maintained, because violative of the provisions of articles 7755 and 7758, V. S. C. S. 1914, which provide that a final judgment in such suit is conclusive as to the title or right of possession established in such suit upon the party against whom it is recovered, and upon all persons claiming from or under such party, by title arising after the commencement of such action. The following authorities sustain the above propositions: Articles 7731, 7733, 7740, 7741, 7755, 7758, V. S. C. S. 1914; Woodley v. Becknell (Tex. Civ. App.) 214 S. W. 932; Bomar v. Runge (Tex. Civ. App.) 225 S. W. 287; Houston & T. C. R. Co. v. McGehee, 49 Tex. 481; French v. Olive, 67 Tex. 400, 3 S. W. 568; Hoodless v. Winter, 80 Tex. 638, 16 S. W. 427; Wilson v. Swasey (Tex. Sup.) 20 S. W. 48; Houston Oil Co. v. Village Co. (Tex. Com. App.) 241 S. W. 122; Lovenskiold v. Casas (Tex. Civ. App.) 229 S. W. 888; O'Connor v. Luna, 75 Tex. 592, 12 S. W. 1125; McGrady v. Clary (Tex. Civ. App.) 247 S. W. 1099; Rains v. Wheeler, 76 Tex. 390, 13 S. W. 324; Thompson v. Locke, 66 Tex. 383, 1 S. W. 112; Cattle Co. v. State, 68 Tex. 526, 4 S. W. 865.

[4] The trial court did not decide the ten years limitation plea upon the broader principle above announced, but concluded that if limitation commenced to run in favor of appellants, the Taylors, from the date they repudiated the loan, deed of trust, etc., in 1911, that the filing of their suit on June 6, 1911, in trespass to try title and for possession against appellee, the Mortgage Company, stopped or suspended the running of limitation during the pendency of the suit; that is, the time running between June 6, 1911, the date of filing of said suit, and November 19, 1919, the date of final judgment of the Supreme Court should be excluded in accounting the time, and without such period the ten years' adverse possession had not run on February 14, 1921, the date appellee filed this suit against appellants. We also think this conclusion correct. Article 5680, relating to the adverse and peaceable possession under the ten years statute of limitation, reads:

"Peaceable possession, within the meaning of this chapter, is such as is continuous and not interrupted by adverse suit to recover the estate."

The rule announced on this question is that where a claimant in possession of land brings an action to adjudicate his title and right of possession against another, who is asserting some right of title or possession, such action, when contested, suspends the running of limitation in favor of the occupant pending the final judgment. Article 5680, R. S. 1911; Welner v. Stearns, 40 Utah, 185, 120 Pac. 490, Ann. Cas. 1914C, 1175; Miller v. Gist, 91 Tex. 335, 43 S. W. 263; Cavitt v. Amsler (Tex. Civ. App.) 242 S. W. 246.

In the latter case this court followed the general rule announced in 17 R. C. L. 870, pars. 228 and 232, that—

"Where the character of legal proceedings is such that the law restrains one of the parties from exercising a legal remedy against another, the running of the statute of limitations applicable to the remedy is postponed, or, if it has commenced to run, is suspended, during the time the restraint incident to the proceedings continues. * * *

"An action is said to be pending, so far as suspending the statute is concerned, until the final disposition of the appeal. So an appeal which suspends the right to recover possession of land has been held to stay the running of the statute against an action to recover rents and profits pending such appeal. And, as a cause of action cannot be said to have accrued until an action can be instituted thereon, when the regularity of the proceedings for the condemnation of land, as well as the amount of damages due the owner, is pending on appeal, he

cannot bring an independent action for such damages."

It is without question that had appellee, at any time during the pendency of the suit instituted by Mahala Taylor and her children against it, filed June 6, 1911, and finally disposed of by the Supreme Court November 19, 1919, attempted to file a suit for title and possession against appellants, it would have been met with a plea of the pendency of appellants' suit against it involving the same issues.

[5] We also sustain the conclusion of the trial judge that, in placing the improvements sued for by appellants upon the premises in question, they did not act in good faith in so doing. Whether or not improvements are made in good faith by one in possession of land pending a suit for title and possession by such possessors is a question of fact, and, where the testimony sufficiently supports the finding, it will not be disturbed on appeal. The only testimony in the record on this issue is the finding of fact by the trial judge before whom the case was tried without a jury, that the improvements were made pending the appeal upon advice of counsel that appellants' title was good, and the further finding that they were not made in good faith. This finding is conclusive upon this court. Wells v. Yarbrough, 84 Tex. 660, 19 S. W. 865; Derry v. Harty (Tex. Civ. App.) 187 S. W. 343; Polk v. State Mut. Fire Ins. Co. (Tex. Civ. App.) 151 S. W. 1126; Dorn v. Dunham, 24 Tex. 366; Parrish v. Jackson, 69 Tex. 614, 7 S. W. 486; Greenwood v. McLeary (Tex. Civ. App.) 25 S. W. 708; Gilbough v. Runge, 99 Tex. 539, 91 S. W. 566, 122 Am. St. Rep. 659; Henderson v. Ownby, 56 Tex. 647, 42 Am. Rep. 691.

[6] The true rule as to this question as announced by the above authorities is that—

"In order to constitute a person a possessor of land in good faith, he must not only believe that he is the true owner, but he must be ignorant of the fact that his title is contested by any one claiming a better title."

We find no error in the judgment, and it is in all things affirmed.