KODIAK 1981 DRILLING
PARTNERSHIP,
Appellant,

v.

DELHI GAS PIPELINE
CORPORATION,
Appellee.

No. 04–84–00499–CV.

Court of Appeals of Texas,
San Antonio.

May 13, 1987.

Rehearing Denied June 15, 1987.

Writ filed July 15, 1987.

Eugene B. Labay, Barron W. Dowling, Cox & Smith, San Antonio, for appellant.

Thomas R. McDade, Jill Ann Duncan, Fulbright & Jaworski, Houston, for appellee.

Before ESQUIVEL and BUTTS, JJ., and FRED V. KLINGEMANN,* Appointed Justice.

## OPINION

FRED V. KLINGEMANN, Appointed Justice.

This is a suit in a district court of Bexar County, Texas by Kodiak 1981 Drilling Partnership, a natural gas producer, against Delhi Gas Pipeline Corporation, an intrastate pipeline company, for deficiencies in payments allegedly owing under a gas purchase contract, for damages and other affirmative relief it asserts it is entitled to because of the breach of such gas purchase contract, and for damages for alleged discriminatory or non-ratable taking of gas in violation of the Texas Natural Resources Code. Trial was to the court, both sides having waived a jury trial. Ex-

---

* Assigned to this case by the Chief Justice of the Supreme Court of Texas as authorized pursuant to TEX.REV.CIV.STAT.ANN. art. 1812(d) (Vernon 1983).

tensive findings of fact and conclusions of law were made and filed by the trial court. The trial court rendered judgment that Kodiak take nothing by its suit against Delhi. Kodiak timely perfected its appeal.

In this opinion Kodiak 1981 Drilling Partnership will be referred to as either Kodiak, appellant, or plaintiff. Delhi Gas Pipeline Corporation will be referred to as either Delhi, appellee or defendant.

Delhi is an intrastate natural gas pipeline company engaged in the business of buying and reselling natural gas. Kodiak is a natural gas producer, producing the gas relevant to this lawsuit.

On December 3, 1981, after some negotiation and changes in the form and substance of the agreement, Kodiak and Delhi entered into a gas purchase agreement by which Kodiak agreed to sell, and Delhi agreed to purchase gas from certain oil and gas leases owned and operated by Kodiak, including land on which the Thomas Merritt well is located. The Merritt well produces "tight sands gas," the maximum lawful price of which is set under the Natural Gas Policy Act of 1978. Under such agreement Kodiak contracted all of the gas produced from the lands dedicated to the agreement and obligated itself to sell all of this gas to Delhi for a period of 10 years. Article IV of the agreement provides that Delhi must take 80% of the gas Kodiak had available for delivery each day. If at the end of the year, Delhi had not taken at the 80% level, Delhi had to pay Kodiak the difference between what it had already paid for gas taken and what it would have taken at the required level.

If Delhi takes less than the daily contract quantities during any contract year, Delhi must pay for the deficiency as if taken, after deducting: (a) any deficiencies existing due to "force majeure"; (b) any default by Kodiak in failing to deliver gas as and when requested by Delhi; (c) excess purchases by Delhi during the contract year; and (d) the total of any deficiency in Kodiak's allowable below daily contract quantity.

The yearly payment is referred to as a "deficiency payment," an "underpayment," or a "take or pay payment."

The Merrit Well No. 1 produces "tight sands gas," and is the particular well involved in this lawsuit.

The relevant force majeure provision in the gas purchase agreement provides:

Except for buyer's obligation to make payment for gas delivered hereunder, neither party hereto shall be liable for any failure to perform the terms of this Agreement, when such failure is due to 'force majeure,' as hereinafter defined. The term 'force majeure' as employed in this agreement shall mean ... partial or entire failure to gas supply or market or any other cause, whether of the kind herein enumerated or otherwise, not reasonably within the control of the party claiming 'force majeure,' the same shall so far as possible, be remedied with all reasonable dispatch.

We set forth the "force majeure" provision in some detail since it is evident from the record that the trial court's findings of fact, conclusions of law, and the final judgment of the court are primarily based on its holding that Delhi's failure to perform under the gas purchase contract has been solely due to "force majeure" conditions.

The findings of fact and conclusions of law of the trial court will hereinafter be summarized in this opinion.

In May of 1983 Delhi ceased taking any gas from Kodiak. On June 28, 1983, Kodiak filed suit against Delhi asserting a breach of "take or pay" provisions of the gas purchase contract, and discriminatory or non-ratable taking of gas in violation of the Texas Natural Gas Resources Code.

Our discussion in this opinion will be divided into three general areas: (1) findings of fact and conclusions of law of the trial court; (2) the portion of Kodiak's suit against Delhi to recover deficiencies in payment allegedly owing under the terms and provisions of the gas purchase contract, and other affirmative relief pertinent thereto; and (3) the portion of Kodiak's suit against Delhi for damages caused by Delhi's alleged unlawful discrimination and

violation of the terms of the Texas Natural Resources Code (Common Purchaser Act).

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The findings of fact and conclusions of law made by the trial court are quite extensive and set forth in some detail the factual background of the case and the basis of the court's holdings. We will not attempt to set forth all of such findings, but the court found, among other things that:

(a) The general resale gas market and the resale gas market for "tight sands gas" in particular, failed unforeseeably and uncontrollably, including Delhi's general resale gas market in its East Texas system.

(b) This gas market failure excused Delhi's performance under the gas purchase agreement by virtue of the "force majeure" provision of such agreement.

(c) As to any obligation undertaken and not excused, Delhi intended to and did perform in accordance with the agreement.

(d) Delhi did not discriminate against Kodiak by not taking gas from Kodiak during the existence of the "force majeure" condition.

(e) Delhi offered to take ratable volumes of gas from Kodiak, but Kodiak refused to accept the offer, thereby waiving any non-ratable take or descrimination claim it had under the Texas Natural Resources Code.

We deem it necessary to set forth some of the findings of fact of the trial court in more detail. Such findings are summarized as follows, using the court's actual numbered finding:

(18) Delhi's obligation to perform under the agreement and to make deficiency payments was and has been at all time material to the claims asserted by Kodiak, in fact, excused by the occurrence of a "force majeure" condition—partial or entire failure of the gas well.

(19) In May of 1982, the general resale gas market and in particular, the resale gas market for "tight sands gas" failed unforeseeably and uncontrollably, including Delhi's East Texas system, as well as its resale gas market for Kodiak's "tight sands gas."

(20) This gas market failure continues today. No deficiency exists, and Delhi has not breached the agreement, and Kodiak has not been damaged.

(21) Delhi's failure to perform has been due to "force majeure" conditions only.

(22) Delhi has not repudiated its duty to perform the agreement after the "force majeure" conditions cease, Delhi intends to perform the agreement.

(23) Delhi has made no fraudulent representation during the agreement negotiation.

(29) Delhi's obligation to take any gas from Kodiak was suspended by the occurrence of the "force majeure" conditions; therefore Delhi has not discriminated against Kodiak by not taking gas from Kodiak during this "force majeure" condition.

(30) The Common Purchaser Act's prohibitions against discrimination do not apply to claims of price discrimination. There was no evidence of any type of any discrimination, price or otherwise, or of failure to take gas ratably. Further, Delhi offered to take ratable volume from Kodiak, but Kodiak refused to accept this offer, and thereby it waived any non-ratable take or discrimination claim it had.

(35) Any damage which Kodiak might have sustained would have been calculable and therefore, Kodiak, had it proved its allegations, would have been entitled to damages only, not injunctive relief.

The trial court also made five supplementary findings of fact proposed by Kodiak, which in effect set forth the amounts of gas taken by Delhi from wells in the Oak Hill (Cotton Valley field), from July 1983, through July 1984, and also set forth the gas allowable for the Merritt well during such period.

### CONCLUSIONS OF LAW

The trial court also made and filed conclusions of law which are as follows:

(1) The occurrence of a "force majeure" condition suspends a party's obligation to perform one's obligations under a contract. Failure to perform one's obligation is not a breach where one's performance is suspended by a "force majeure" condition.

(2) Parties, negotiating at arms-length, may contractually define the meaning of "force majeure."

(3) A representation that is true at the time it was made does not constitute fraud.

(4) A promise to do a future act is not fraudulent if the promising party intended to perform the act when the promise was made.

(5) An opinion about the future is not fraudulent if it is made to someone with equal knowledge of the relevant facts and if it is not given with the intention of deceiving the other person.

(6) Evidence regarding representations contradicting explicit terms of a written contract are barred by the parol evidence rule and the doctrine of merger, absent evidence of fraud, accident or mistake.

(7) Tortious interference with contractual relations must be willful, intentional and unjustified.

(8) A pipeline's obligation to take gas from a producer without unreasonable discrimination is suspended when a "force majeure" condition suspends the pipeline's obligation to take any gas from that producer or to perform under a gas purchase agreement.

(9) A producer cannot recover "take or pay" deficiency payments as well as damages for discriminatory gas purchases. Deficiency payments compensate a producer for any damages it sustains due to a pipeline's failure to take gas; therefore, recovery of deficiency payments as well as damages for taking gas discriminatorily amounts to impermissible double recovery.

(10) Injunctive relief is unavailable when a plaintiff has an adequate remedy at law in the form of calculable damages.

## POINTS OF ERROR

Kodiak asserts 32 points of error which may be generally summarized as follows:

(1) Points of error complaining that the trial court's findings of fact, conclusions of law and final judgment are without support in the evidence (no evidence).

(2) Points of error complaining that the trial court erred in holding that Delhi's obligation to take the gas from Kodiak was suspended by the occurrence of the "force majeure" condition. Kodiak urges that the trial court erroneously found that Delhi's general resale gas market, as well as its resale gas market for Kodiak's "tight sands gas" failed unforeseeably and unexplainably in May 1982, and still continues today because: (a) there is no evidence to support such finding; (b) there is insufficient evidence to support such finding; and (c) such finding is manifestly unjust and contrary to the great weight and preponderance of the evidence.

(3) The trial court erred in failing to render judgment for appellant.

(4) The trial court erred in failing to hold as a matter of law that Kodiak should have recovered from Delhi a money judgment for certain stated amounts.

(5) The trial court erred in entering judgment for Delhi based upon its finding of fact no. 29 that Delhi's obligation to take any gas from Kodiak was suspended by the occurrence of the "force majeure" condition, therefore Delhi did not discriminate against Kodiak in taking the gas because there is "no evidence" and "insufficient factual evidence" to support such finding, and such finding is manifestly unjust and against the great weight and preponderance of the evidence.

(6) The trial court erred in entering a take nothing judgment in favor of Delhi because the findings of fact and conclusions of law do not support the take nothing judgment entered herein.

(7) The trial court erred in entering a take nothing judgment in favor of Delhi in deciding this case on an entirely erroneous theory of law, and in failing to correctly and properly apply the law to the facts.

## APPELLEE'S REPLY POINTS

By reply points Delhi contends:

(1) The trial court correctly found that Delhi's "take or pay" obligation was suspended by a "force majeure" condition.

(2) The only damages for failure to make the "take or pay" payments is the time value of money.

(3) The trial court correctly found that Kodiak had not presented evidence sufficient to establish discrimination on Delhi's part.

(4) The trial court correctly found that under the circumstances, the "force majeure" condition excused Delhi's obligation to take gas, and hence there could be no discrimination.

(5) The trial court correctly found that Kodiak waived its discrimination claim.

(6) The trial court did not err in refusing to enter a judgment awarding Kodiak money for unlawful discrimination.

(7) The trial court correctly held that Delhi performed its obligation under the agreement and did not owe Kodiak any sums of money for gas actually delivered in January of 1984.

(8) The trial court properly concluded that a producer cannot recover deficiency payments, as well as damages, for discriminatory gas purchases, but even if this conclusion is incorrect, it is harmless error.

(9) The trial court properly entered a judgment that Kodiak take nothing against Delhi by its suit.

By one cross-point Delhi urges that any alleged damages for "take or pay" deficiencies would constitute a payment in excess of the maximum lawful price set by Congress in the Natural Gas Policy Act, and would be illegal.

## BREACH OF CONTRACT

Appellant contends that the essential issues in this case involve a breach by Delhi of three separate obligations that it owed to Kodiak: (1) the contractual duty to make advance payments for certain volumes of gas which Delhi failed to take on schedule during the first two contract years; (2) the contractual duty to pay Kodiak the price specified in the gas purchase agreement between the two parties for volumes of gas delivered and received by Delhi; and (3) the concurrent contractual and statutory duty to take gas ratably from all wells in the area connected to Delhi's system, specifically including those operated by Delhi's production affiliate, TXO Production Corporation ("TXO"). Kodiak argues that although all these obligations are related, in that they contain certain similar elements, they are also separate and distinct obligations, with separate elements and separate damages for their non-performance.

Kodiak's briefs have a detailed background and history of so-called "take or pay" provisions of gas purchase contracts and set forth their contention as to the necessity and fairness of such provisions. They urge that such provisions serve a valid purpose in long time supply gas contracts. However, while such contentions are of interest, they are not a part of the record before us.

It is clear from the record, including the trial court's findings of fact, conclusions of law and final decision, that the controlling material issue before the court in this case is whether the trial court's construction of the "force majeure" provision involved is factually and legally correct.

It is to be remembered that the "force majeure" provision of the Gas Purchase Contract is contractual in nature and was agreed upon by the parties thereto after considerable negotiation and study by both parties, and a number of changes from the original proposed provisions.

Kodiak attacks both the legal and factual sufficiency of the evidence to support the trial court's findings of fact and ultimate holding of the trial court that Kodiak take nothing by its suit against Delhi.

In reviewing a case tried before the court without a jury where findings of fact and conclusions of law are made and filed by the trial court, this court is governed by certain applicable standards.

In attacking the legal sufficiency of the evidence to support the trial court findings (no evidence points of error), Kodiak must prove that there is no evidence to support

such findings and that the findings are erroneous as a matter of law.

In reviewing the record on "no evidence" points of error, this court must consider only the evidence and reasonable inferences in the evidence, which viewed in the most favorable light, support the trial court's judgment and must disregard all the evidence and inferences to the contrary. *Estate of Claveria v. Claveria,* 615 S.W.2d 164 (Tex.1981); *Bounds v. Caudle,* 560 S.W.2d 925 (Tex.1977); *Butler v. Hanson,* 455 S.W.2d 942, 944 (Tex.1970); Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 TEXAS L.REV. 361 (1960).

■ In reviewing factual sufficiency points of error, we are governed by the following applicable standards:

(1) The trial court having filed findings of fact and conclusions of law in a non-jury trial, the rule governing our review is as follows: findings of fact have the same force and effect as a jury verdict upon special issues, and when supported by some competent evidence will not be disturbed on appeal, even though they appear to be against the preponderance of the evidence, unless they are so against the overwhelming weight of the evidence as to be clearly and manifestly wrong. *Wells v. Yarbrough,* 84 Tex. 660, 19 S.W. 865 (1892); *Gandy v. Culpepper,* 528 S.W.2d 333, 335 (Tex.Civ.App.—Beaumont 1975, no writ); *Ives v. Watson,* 521 S.W.2d 930, 932 (Tex. Civ.App.—Beaumont 1975, writ ref'd n.r. e.); *Dorbandt v. Jones,* 492 S.W.2d 601, 602 (Tex.Civ.App.—Austin 1973, writ ref'd. n.r.e.); *Red Arrow Freight Lines, Inc. v. Howe,* 480 S.W.2d 281, 285 (Tex.Civ.App.— Corpus Christi 1972, writ ref'd n.r.e.); *Houston Natural Gas Corp. v. Pearce,* 311 S.W.2d 899, 903 (Tex.Civ.App.—Houston 1958, writ ref'd n.r.e.).

Kodiak contends that the partial or entire failure of the gas market cannot, despite the parties' intentions and written agreement, constitute a "force majeure" condition. Kodiak cites and relies on three federal cases in support of their contention: *Gulf Oil Corp. v. Federal Energy Regulatory Commission,* 706 F.2d 444 (3rd Cir. 1983); *Monolith Portland Cement Co. v. Douglas Oil Company of California,* 303 F.2d 176 (9th Cir.1962); and *Mainline Investment Corp. v. Gaines,* 407 F.Supp. 423 (N.D.Tex.1976).

Delhi argues that the *Monolith* and *Mainline* cases are not in point because in these cases, contrary to the case before us, market failure was not a specified "force majeure" event, and the court only held that market failure did not come within the general language of "or any other cause beyond the control of the parties."

We do not consider these cases controlling in the case before us.

Kodiak relies strongly on *Gulf Oil v. Federal Energy Regulatory Commission* and quotes extensively from such case.

Basically the court in *Gulf v. Federal Energy* held that for a party to successfully use "force majeure" to excuse performance, it must show: (a) the occurrence of the "force majeure" event, (b) that the "force majeure" event caused the failure to perform, and (c) it used due diligence to overcome the "force majeure" condition once it occurred.

Delhi makes no contention that such conditions are not proper but contends that its evidence and the findings of fact show that it met this test.

In addition, the Third Circuit in *Gulf v. Federal Energy* also held that for a specified "force majeure" event to excuse the non-performance, that event must be unforeseeable.

Delhi contends that the holding in *Gulf* that for a specified "force majeure" event to excuse non-performance, that event must be unforeseeable, is erroneous and is directly contrary to controlling Texas and Fifth Circuit cases. They also point out that the trial court in the case before us found that the "force majeure" event of failure of market was unforeseeable and that such holding is amply supported by the evidence.

The Third Court's opinion in the *Gulf* case as to the requirement of unforeseea-

bility has not been approved by any Texas court, state or federal.

The Fifth Circuit does not agree that a specified "force majeure" must be unforeseeable. *See Eastern Air Lines, Inc. v. McDonnell Douglas Corp.*, 532 F.2d 957 (5th Cir.1976). In *Eastern Airlines*, the court found that defendant's performance was excused by a foreseeable event because "when the promissor has anticipated a particular event by providing for it in a contract, he should be relieved of liability for the occurrence of such event regardless of whether it was foreseeable."

A recent Texas case, *Rowan Companies, Inc. v. Transco Exploration Co., Inc.*, 679 S.W.2d 660 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.) held that a specified event in a "force majeure" clause allowed termination of the contract and the court made such holding without the necessity of discussing foreseeability of that specified event. In *Rowan* the court said,

> "We hold, as a matter of law, that the rig's inability to perform was solely due to an event of 'force majeure' as defined in the contract. Therefore, the 'force majeure' clause controls the rights of the parties.... A fire beyond the control of Transco is within the contractual definition of a 'force majeure' event."

In further support of its contention that the trial court's fact findings as to "force majeure" are correct, Delhi urges that it is a fundamental principle of Texas law that competent parties enjoy utmost freedom of contract and that their contract freely and voluntarily entered into, will be enforced by the court. *Crutchfield v. Associates Investment Co.*, 376 S.W.2d 957, 959 (Tex. Civ.App.—Dallas 1964, writ ref'd). Moreover, it is not for the reviewing court to determine why parties contracted as they did. *Austin Bridge Co. v. State*, 427 S.W.2d 925, 931 (Tex.Civ.App.—Austin 1968, writ ref'd n.r.e.).

Delhi further contends that since Kodiak did not challenge certain fact findings of the trial court that these fact findings are binding on this court. *See Bilek v. Tupa*, 549 S.W.2d 217, 220 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.); *Kroger Co.*

*v. Warren*, 420 S.W.2d 218 (Tex.Civ.App.—Houston [1st Dist.] 1967, no writ).

Such fact findings are as follows:

(1) The agreement was negotiated at arms-length, and it accurately reflects the true intention of the parties.

(2) Kodiak's representative and lawyer, Mr. Hendrex, who negotiated the agreement, read, understood and appreciated the legal effect of the language used.

(3) There was nothing included in or omitted from the Final Agreement due to accident, fraud or mistake.

(4) Delhi was not obligated to make deficiency payments for take deficiencies caused by a "force majeure" condition as defined in Section 14.1 of the Agreement. And Section 14.1 lists "the partial or entire failure of the gas supply or market" as an event of "force majeure."

■ We have reviewed all the evidence and while the evidence is conflicting, there is sufficient evidence to support the trial court's findings of fact pertaining to the alleged breach of contract by Delhi. Such evidence includes, but is not restricted to, testimony by two expert witnesses for Delhi and portions of the testimony of Mr. Hendrex, Kodiak's representative.

Delhi's expert, Charles A. Moore, former general counsel for the Federal Energy Regulatory Commission, testified that the general resale gas market and particularly the market for "tight sands gas" broke down in April or May of 1982; that an unprecedented combinatin of factors—a general economic recession, a plummeting crude oil price, weather conditions, and a decline of the drilling market, caused a general market failure that had its most significant impact on high price "tight sands gas"; that this drastic decline in the market continues even today. Delhi's gas contracts administrator testified substantially the same testimony as Charles A. Moore above outlined.

We hold that:

(1) Kodiak as plaintiff did not meet its burden of proof of proving that a valid actionable suit for breach of contract

against Delhi existed, nor did it prove that it suffered any damages. *Clifton v. Koontz*, 160 Tex. 82, 325 S.W.2d 684 (1959).

(2) The trial court's findings of fact pertaining to the suit for breach of contract are sufficiently supported by the evidence.

(3) The trial court correctly held that Kodiak take nothing on its suit against Delhi for breach of contract.

## DISCRIMINATION AND NON–RATABLE TAKING

The trial court made the following findings of fact pertaining to discrimination and non-ratable taking:

(29) Delhi's obligation to take any gas from Kodiak was suspended by the occurrence of the "force majeure" condition; therefore, Delhi has not discriminated against Kodiak by not taking gas from Kodiak during this "force majeure" condition.

(30) The Common Purchaser Act's prohibitions against discrimination do not apply to claims of price discrimination. Moreover, although there was evidence that Delhi bought gas from other producers in Kodiak's field, there was no evidence of any type of discrimination, price or otherwise, or of a failure to take ratably. Furthermore, Delhi offered to take ratable volumes from Kodiak, but Kodiak refused to accept this offer, and thereby it waived any non-ratable take or discrimination claim it had.

Kodiak asserts a number of points of error complaining that the trial court erred in its findings and holdings on discrimination and non-ratable takings of gas, which points of error may be summarized as follows:

(1) The trial court erred in making and filing its findings of fact nos. 29 and 30 because (a) there is no evidence to support such findings; (b) there is insufficient evidence to support such findings; and (c) such findings are against the great weight and preponderance of the evidence.

(2) The trial court erred in entering judgment for Delhi based on conclusions of law

no. 9 that a producer cannot recover take or pay deficiency payments as well as damages for discriminatory gas purchase, because such conclusion is contrary to the undisputed evidence and clearly erroneous as a matter of law.

(3) The trial court erred in failing to render judgment for appellant, and in failing to hold and conclude, as a matter of law that Kodiak had presented a prima facie case of unlawful discrimination and unlawful taking.

(4) The trial court erred in failing to render judgment for appellant and in failing to hold and conclude, as a matter of law, that Kodiak should have and should recover from Delhi, a money judgment in the sum of $1,705,945.08 for unlawful discrimination because such damages were established with reasonable certainty by a clear, direct and uncontroverted testimony.

It is seen that in the matter of alleged discrimination and non-ratable taking of gas by Delhi, Kodiak, asserts both legally and factually sufficiency of evidence points of error. We have heretofore set forth in some detail the plaintiff's burden in regards to establishing legally and factually sufficient points of error and will not here repeat such discussion.

Kodiak in its brief contends that: (1) Delhi has an implied covenant to take gas ratably under the gas purchase contract, and (2) Delhi is also under a duty to comply with certain statutory obligations under the Texas Common Purchaser Act, TEX.NAT. RES.CODE ANN. § 111.081, *et seq.* (Vernon 1978). The act obligates common purchasers of gas such as Delhi to take volumes of gas ratably and without discrimination from all purchasers in a field or area which are connected to their pipeline system.

Kodiak urges that § 111.095 specifically creates a cause of action for damages in favor of a person who has been discriminated against by a common purchaser in favor of the common purchaser's own production, which also includes an affiliate producer: that this statutory cause of action is totally separate from any contractu-

al right, and is based upon a failure of a common purchaser to honor a statutory duty to take ratably and without discrimination.

Kodiak further contends a purchaser may have two different obligations, one based upon the statute and another based upon a contract, that Delhi's duty to take volumes of gas ratably and without discrimination is separate and apart from any contractual obligation, and would exist even without any contract at all, *citing Railroad Commission v. Rio Grande Valley Gas Co.*, 405 S.W.2d 304 (Tex.1966).

Kodiak stresses that Delhi was obligated to take the same percentage of allowable from Kodiak's Merritt well, as it took from TXO's wells in the Oak Hills field; that Delhi failed to do this, and is liable for damages accordingly.

Kodiak urges that the trial court erred in holding that the Common Purchaser Act's prohibitions against discrimination do not apply to claims of price discrimination. Kodiak further urges that the trial court erred in holding that the "force majeure" provision of the Gas Purchase Contract excuses Delhi from performing its contractual provisions as to the purchase of gas; that Delhi cannot be excused from its statutory obligation because of a private contractual provision, because any contractual provision which attempts to excuse Delhi from its duty under the act is invalid. In support thereof, they cite *Railroad Commission of Texas v. Permian Basin Pipeline Co.*, 302 S.W.2d 238 (Tex.Civ.App.—Austin 1957), *appeal dism'd*, 358 U.S. 37, 70 S.Ct. 21, 3 L.Ed.2d 43 (1958).

Kodiak also contends that Delhi did not sustain its burden of proving that the occurrence of a "force majeure" condition wholly excused Delhi's performance of its statutory duty to not unlawfully discriminate. *Foree v. Crown Central Petroleum Corp.*, 431 S.W.2d 312 (Tex.1968); *Railroad Commission v. Rio Grande Valley Gas Co., supra; Railroad Commission of Texas v. Permian Basin Pipeline Co., supra.*

Kodiak's last point of error on discrimination and non-ratable taking urges that the trial court erred in failing to hold as a matter of law that Kodiak should have and should recover from Delhi a money judgment in the amount of $1,705,945.08 for unlawful discrimination.

Delhi vigorously disputes all of Kodiak's allegations and contentions to discrimination and non-ratable taking by Delhi; and urges that all the trial court's Findings of Fact on discrimination and non-ratable taking of gas by Delhi are amply supported by the evidence, and are correct, both factually and legally.

Delhi summarizes the trial court's findings as follows: (a) Kodiak failed to prove its claim of Delhi's alleged failure to take gas ratably from Kodiak; (b) even if discrimination was proved, Delhi had no obligation to take any gas from Kodiak's well after the "force majeure" event occurred, because Kodiak refused to deliver gas except at the agreed price which was so high, gas could not be marketed; (c) even if discrimination was proved and was not excused by "force majeure" conditions, Kodiak waived its discrimination claim by refusing to accept Delhi's offer to take ratable volume.

Delhi urges the discrimination by a purchaser does not entitle the producer to damages unless the producer shows he actually sustained a loss; *United Gas Corp. v. Shepherd Laundries Co.*, 144 Tex. 164, 189 S.W.2d 485, 490 (1945); that Kodiak showed only that Delhi took specified gas volume from different purchasers, but Kodiak failed to show that it lost any gas from its lease; that Kodiak's failure to prove any actual loss precludes any damage recovery.

We have heretofore discussed the effect of findings of fact and conclusions of law by a trial court in a non-jury trial. We have also set forth in some detail the trial court's findings of fact and conclusions of law pertaining to discrimination and non-ratable taking. We do not deem it necessary to set forth such discussion any further.

■ While there is conflicting evidence, we hold that: (a) Kodiak has not proved

any type of discrimination, nor any failure to take gas ratably by the defendant; (b) Kodiak has not proved it suffered any damages from any alleged discrimination or non-ratable taking of gas by Delhi; and (c) the trial court's findings of fact and conclusions of law as to discrimination and non-ratable taking are sufficiently supported by the evidence and are correct, factually and legally.

After a careful consideration of all of appellant's points of error, the briefs of the parties, the record as a whole, and the applicable law, we have concluded that:

(1) All the trial court's material findings of fact are sufficiently supported by the evidence;

(2) The trial court correctly held that a "force majeure" condition existed under the terms and provisions of the gas purchase contract between Kodiak and Delhi;

(3) Delhi's obligation to perform under the agreement and to make deficiency payments was and has been at all times material to the claims asserted by Kodiak excused by the "force majeure" condition— partial or entire failure of the gas market;

(4) The gas market failure continues today;

(5) No deficiency exists and Delhi has not breached the agreement, and Kodiak has not been damaged;

(6) Delhi's failure to perform has been solely due to the "force majeure" condition;

(7) Delhi's obligation to take any gas from Kodiak was suspended by the occurrence of the "force majeure" condition, and Delhi has not discriminated against Kodiak by not taking gas from Kodiak due to this condition;

(8) Although there was evidence that Delhi bought gas from other producers in Kodiak's field, there was no evidence of any type of discrimination. Delhi offered to take ratable volumes from Kodiak, but Kodiak refused its offer and thereby waived any non-ratable taking or discrimination claim it may have had;

(9) The trial court correctly rendered judgment that Kodiak take nothing by it law suit against Delhi.

All of appellant's points of error have been considered and all are overruled.

The judgment of the trial court is affirmed.